John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California  94111-4500
Tel:  415/263-7000; Facs: 415/263-7010
Email: jfiero@pszjlaw.com

Brad T. Summers (OSB No. 911116)
David W. Criswell (OSB No. 925930)
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
Tel:  503/228-2525; Fax: 503/295-1058
Email: tsummers@balljanik.com

Attorneys for Debtor Arlie & Company

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ARLIE & COMPANY,<br><br>                Debtor. | Case No. 10-60244-aer11 |
| ARLIE & COMPANY,<br><br>                Plaintiff,<br><br>      v.<br><br>PIONEER ASSET INVESTMENT<br>LIMITED, a Hong Kong corporation,<br><br>                Defendant. | Adv. Proc. No. 11-06018<br><br>**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, DECLARATORY RELIEF, AND OBJECTION TO PROOF OF CLAIM** |

Arlie & Company, the debtor-in-possession and plaintiff herein ("Plaintiff") alleges as
follows:

## THE PARTIES

1.      Plaintiff is an Oregon corporation headquartered in Eugene, Oregon.  On January

20, 2010 (the "Petition Date"), Plaintiff filed its voluntary petition for relief under Chapter 11 of

**Page 1 -**     COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, DECLARATORY RELIEF, AND
OBJECTION TO PROOF OF CLAIM

the United States Bankruptcy Code in the above-referenced case number 10-60244-aer11 (the "Bankruptcy Case"). Plaintiff continues to operate its business and manage its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Plaintiff is informed and believes and thereon alleges that Pioneer Asset Investment Limited ("Pioneer") is a Hong Kong corporation.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).

5.      This adversary proceeding is brought pursuant to 11 U.S.C. §§ 502 and Rules 3007(b) and 7001 of the Federal Rules of Bankruptcy Procedure.

6.      Venue lies in the United States Bankruptcy Court, District of Oregon, pursuant to 28 U.S.C. § 1409(a).

7.      On or about April 6, 2010, Pioneer caused proof of claim number 160 (the "Claim") to be filed with the Bankruptcy Court, thereby consenting to the jurisdiction of the Bankruptcy Court.

## GENERAL ALLEGATIONS

8.      Prior to the Petition Date, Plaintiff operated as a commercial and residential real estate developer in Oregon and Hawaii, emphasizing green building practices. Plaintiff owns and manages commercial developments and properties in Oregon and Hawaii, and also owns and manages a number of residential rental units in Eugene, Oregon.

9.      Effective September 12, 2008, Pioneer loaned $1,500,000.00 (the "Loan") to Hawaii Forest Products, an Oregon limited liability company ("HFP"). The Loan was memorialized by a promissory note, as subsequently amended on at least two occasions.

Page 2 -      COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, DECLARATORY RELIEF, AND OBJECTION TO PROOF OF CLAIM

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75728.1

10.    On or about December 17, 2009, Pioneer and HFP entered into a Fourth Modification of Promissory Note, extending the term of the Loan and purportedly providing Pioneer with collateral in the form of a mortgage on five parcels of real property located in Hawaii County, Hawaii (the "Hawaii Parcels").  On the same date, HFP executed a mortgage in favor of Pioneer on the Hawaii Parcels.

11.    On January 4, 2010, Plaintiff and HFP duly recorded and filed with the State Department of Commerce and Consumer Affairs a document entitled Articles of Merger by which Plaintiff and HFP merged all rights, title, and interest into Plaintiff as a single entity.

12.    On the Petition Date, the Hawaii Parcels became property of Plaintiff's bankruptcy estate pursuant to Bankruptcy Code section 541(a).

13.    Pioneer failed to perfect its purported security interest in the Hawaii Parcels within twenty (20) days of the transaction or at any time prior to the Petition Date.

14.    On January 22, 2010, two days after the Petition Date, Pioneer recorded with the State Bureau of Conveyances as Document No. 2010-010163 its mortgage on the Hawaii Parcels (the "Purported Lien").  A true and correct copy of the Purported Lien on the Hawaii Parcels is attached hereto as Exhibit A.

15.    On February 25, 2010, Pioneer through its counsel caused to be filed a Notice of Appearance with the Bankruptcy Court.  Thereafter, Pioneer received notice of all relevant pleadings and activities in the Bankruptcy Case.

16.    On December 17, 2010, Plaintiff advised Pioneer in writing that the recording of the Purported Lien on the Hawaii Parcels, and the Purported Lien itself, were in violation of the automatic stay and therefore void.  Plaintiff requested cancellation of the Purported Lien.  A true and correct copy of Plaintiff's Letter dated December 17, 2010 is attached hereto as Exhibit B.

17.    Pioneer has failed and refused to cancel the Purported Lien and continues to act in violation of the automatic stay under section 362 of the Bankruptcy Code.

Page 3 -    **COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, DECLARATORY RELIEF, AND OBJECTION TO PROOF OF CLAIM**

18.     Pioneer has filed the Claim in the Bankruptcy Court in the amount of $1,631,998.44, which is alleged as fully secured.  A true and correct copy of the Claim is attached hereto as <u>Exhibit C</u>.

## FIRST CAUSE OF ACTION

### (Violation of the Automatic Stay – 11 U.S.C. § 362(a)(4), (5), and (6))

19.     Plaintiff realleges and incorporates the allegations set forth above, as though fully set forth herein.

20.     Pursuant to section 362(a) of the Bankruptcy Code, "any act to create, perfect, or enforce any lien against property of the estate" is prohibited by the automatic stay that went into effect on the Petition Date.

21.     Recordation of the Purported Lien on the Hawaii Parcels after the Petition Date was in violation of the automatic stay, including but not limited to section 362(a)(4), (5), and (6) of the Bankruptcy Code.  The Purported Lien is void, not merely voidable, as a matter of law.

22.     Pioneer had actual notice of Bankruptcy Case no later than February 25, 2010. Pioneer's refusal to cancel the Purported Lien upon demand and after actual notice of the Bankruptcy Case constitutes a willful violation of the automatic stay, entitling Plaintiff to damages for contempt.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – 28 U.S.C. § 2201)

23.     Plaintiff realleges and incorporates the allegations set forth above, as though fully set forth herein.

24.     An actual controversy has arisen and now exists between the Plaintiff and Pioneer relating to their legal rights with respect to the Hawaii Parcels, and Plaintiff seeks a judicial declaration of its rights as to such matters.

25.     A declaratory judgment is necessary and appropriate at this time in that Plaintiff contends, and Pioneer may deny, that (a) the Hawaii Parcels are not subject to any lien or

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

security interest asserted by Pioneer, and (b) the Hawaii Parcels are a necessary asset of the estate subject to Plaintiff's proposed plan of reorganization.

## THIRD CAUSE OF ACTION

### (Objection to Proof of Claim – 11 U.S.C. § 502, Fed. R. Bankr. P. 3007)

26.     Plaintiff realleges and incorporates the allegations set forth above, as though fully set forth herein.

27.     Plaintiff objects to the Claim filed by Pioneer on the grounds that the Claim is not secured because Plaintiff failed to timely perfect its alleged interest in the Hawaii Parcels.  By reason of the foregoing, Plaintiff requests that the Claim be deemed unsecured.

28.     Plaintiff reserves the right to amend this objection on additional grounds, as may be necessary based on available evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     For an order that Pioneer's Purported Lien on the Hawaii Parcels was in violation of the automatic stay and is void;

2.     For an order sustaining Plaintiff's objection to the Claim and otherwise determining that Pioneer's Claim is unsecured;

3.     For judgment against Pioneer for actual damages, including reasonable attorneys' fees, for willful violation of the automatic stay; and

4.     For such other and further relief as the Court deems appropriate.

DATED:  February 1, 2011.

PACHULSKI STANG ZIEHL & JONES LLP

By   /s/ John D. Fiero
John D. Fiero (CA Bar No. 136557)

-and-

BALL JANIK LLP
David W. Criswell (OSB No. 925930)
Brad T. Summers (OSB No. 911116)

**Page 5 -**     **COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY, DECLARATORY RELIEF, AND OBJECTION TO PROOF OF CLAIM**

# EXHIBIT  A



R-606    **STATE OF HAWAII**
**BUREAU OF CONVEYANCES**
**RECORDED**
JAN 22, 2010       02:00 PM

Doc No(s) 2010-010163



/s/ NICKI ANN THOMPSON
REGISTRAR

**20    1/1    Z12**

LAND COURT SYSTEM          REGULAR SYSTEM

AFTER RECORDATION, RETURN TO:
Michael P. Kearney
Michael P. Kearney, P.C.
P.O. Box 1758
Eugene, OR 97440-1758

TMK (3) 2–5–1–1, (3) 2–5–1–3, (3) 2–5–1–7,
(3) 2–5–2–3 and (3) 2–5–8–1

# MORTGAGE

This mortgage is made December **17**, 2009, by Hawaii Forest Products, LLC of 2911 Tennyson Avenue, Suite 400, Eugene, Oregon 97408 ("mortgagor"), and Pioneer Asset Investment Limited, of c/o Joseph W. Boucher, Neider & Boucher, S.C., 400 Science Drive, Suite 300, Madison, Wisconsin 53711 ("mortgagee").

Mortgagor, in consideration of $1,500,000.00 to mortgagor paid by mortgagee, the receipt of which is acknowledged, does grant, bargain, sell, assign, and convey to mortgagee, its successors and assigns, the property situated on the Island and County of Hawaii, described on the attached Exhibit A, together with the buildings, improvements, tenements, rights, easements, privileges, and appurtenances to the same belonging or appertaining or held and enjoyed with the same; the reversion, remainders, rents, issues, and profits of the same (provided, however, that mortgagor shall be entitled to collect and retain such rents, issues, and profits until a default under this mortgage); all of the estate, right, title, and interest of mortgagor both at law and in equity, in and to the same; and all fixtures now or later attached to or used in connection with the premises described above.

To have and to hold the same to mortgagee, its successors and assigns forever, as to all property conveyed in fee simple, and as to leasehold interests in real property for the unexpired residue of the term of the lease; provided that if mortgagor pays to mortgagee the above sum according to the tenor of that certain promissory note bearing even date (the "promissory note") and secured by this mortgage, the terms of which note are incorporated by reference, discharges all obligations under this mortgage that are secured as an additional charge against the property mortgaged by this instrument, and observes and performs all the covenants and agreements contained in this mortgage and pays the costs of release, then this mortgage shall be void.

**1 – MORTGAGE**
K:\Clients\Arlie & Co 2946\Hawaii Loan 2946-126\Mortgage 111309.doc

But on failure to make any payment provided under the promissory note, on the breach of any covenant or agreement of this mortgage or in any promissory note or terms of any other obligation secured by this mortgage, or if mortgagor's interest in the real property mortgaged is a leasehold estate and mortgagor fails to observe and perform any covenant or agreement contained in the lease, then the whole amount of all indebtedness owing by or chargeable to mortgagor under any provision of this mortgage or intended to be secured by this mortgage shall at the option of mortgagee and without notice at once become due and payable. In that event, with or without foreclosure, mortgagee shall have the immediate right to receive and collect all rents and profits due, accrued, or to become due. These rents and profits are by this mortgage assigned to mortgagee and mortgagee is irrevocably appointed the attorney in fact of mortgagor in the name of mortgagor or in its own name to demand, sue for, collect, recover, and receive all such rents and profits, to compromise and settle claims for rents or profits on such terms and conditions as to it may seem proper, and to enter into, renew, or terminate leases or tenancies. Mortgagee may foreclose this mortgage by suit in equity with the immediate right to a receivership on ex parte order and without bond pending foreclosure, or as now provided by law by entry and possession, or, with or without entry and possession, may sell the property or any part of it either as a whole or in parcels, together with all improvements that may be on the property so sold, at public auction, and may in its own name or as the attorney in fact of mortgagor, for such purpose irrevocably appointed by this mortgage, effectually convey the property so sold to the purchaser or purchasers absolutely and forever. Any foreclosure shall forever bar mortgagor and all persons claiming under mortgagor from all right and interest in the property at law and in equity. Out of the proceeds of any foreclosure sale, mortgagee may deduct all expenses of sale, foreclosure, or suit, including an attorney fee, and retain or be awarded all sums then payable or chargeable to mortgagor on every account. The amount by which such sums exceed the indebtedness payable by or chargeable to mortgagor, if any, shall be rendered to mortgagor. If the proceeds are insufficient to discharge the same in full, mortgagee may have any other legal recourse against mortgagor for the deficiency. Mortgagee may be the purchaser at any foreclosure sale, and no other purchaser shall be answerable for the application of the purchase money.

Mortgagee shall have the right to enforce one or more remedies under this mortgage or any other remedy it may have, successively or concurrently.

Mortgagor covenants with mortgagee as follows:

## SECTION ONE
## PAYMENT OF PRINCIPAL AND INTEREST

Mortgagor will pay the principal of and interest on the indebtedness evidenced by the promissory note secured by this mortgage at the times and in the manner provided in the note.

## SECTION TWO
## CONTINUING EFFECT OF LIEN

The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part of it secured by this mortgage.

## SECTION THREE
## TAXES AND ASSESSMENTS

Mortgagor will pay and discharge the obligations secured by this mortgage, and will pay all taxes, rates, assessments, rents, impositions, duties, and charges of every kind and nature, that are now or may later be levied or assessed or become a charge on or against the premises and improvements described in these presents, and will promptly deliver the official receipts for the same to mortgagee. In default of any such payment or on the failure to observe or perform any covenant or condition of this mortgage, or if any suit, proceeding, or other contingency shall arise with respect to any of the mortgaged property, mortgagee may make such advances as may reasonably be deemed proper or necessary to protect its security and recover any such advances made and all expenses, including reasonable attorney's fees, paid or incurred by it, even though any such charge or claim is invalid, twenty (20) days after demand, together with interest to the date of payment at the rate provided for in the principal indebtedness, and the same shall be secured by this mortgage.

## SECTION FOUR
## MAINTENANCE OF PROPERTY

Mortgagor will keep the mortgage property in good condition and repair, and will comply with all applicable laws and governmental rules and regulations, and not commit or suffer any strip or waste. Mortgagee may enter and inspect the premises and may cause reasonable maintenance work to be performed, and the cost of such work shall constitute an advance under the preceding Section Three.

## SECTION FIVE
## FORBEARANCE NOT A WAIVER

No notice of the exercise of any option granted in this mortgage or in the note secured by this mortgage is required to be given, such notice being waived. Failure to exercise an option shall not constitute a waiver of the right to exercise the option in event of a subsequent default.

## SECTION SIX
## CONDEMNATION

If the mortgaged property or any part of it is condemned, mortgagee is irrevocably authorized to collect all the proceeds, and apply the same on any obligation secured by this mortgage.

## SECTION SEVEN
## COVENANT OF OWNERSHIP

Mortgagor is the owner in fee simple of the property (or has such other estate as is stated in this mortgage); the property is free from all encumbrances, except as otherwise recited in this mortgage; mortgagor has good right to grant and convey or assign the same to mortgagee; and will warrant and defend the same to mortgagee against the claims and demands of all persons during the term of any leasehold interest included in this mortgage and, as to all property conveyed in fee simple, will warrant and defend the same against the claims and demands of all persons, forever.

## SECTION EIGHT
## RULES OF CONSTRUCTION

The term "mortgagee" when used in this mortgage shall include mortgagee, its successors and assigns, any payee of the indebtedness secured by this mortgage, or any transferee of the same whether by operation of law or otherwise. The term "mortgagor" when used in this mortgage shall include mortgagor, mortgagor's heirs, executors, and administrators. All covenants and agreements on the part of mortgagor to be observed and performed shall be joint and several. The singular shall include the plural, the plural shall include the singular, and the use of any gender shall include all genders.

Mortgagor has signed this mortgage the day and year first above written.

HAWAII FOREST PRODUCTS, LLC

By: _____
Name: John Musumeci
Title: Manager

STATE OF OREGON    )
                   :    ss.
County of Lane     )

This instrument was acknowledged before me this 17th day of December, 2009, by John Musumeci as Manager of Hawaii Forest Products, LLC.

_____
Notary Public for Oregon
My Commission Expires:_____

OFFICIAL SEAL
MARSHA K WESTLING
NOTARY PUBLIC - OREGON
COMMISSION NO. 436599
MY COMMISSION EXPIRES APRIL 6, 2013

**4 – MORTGAGE**
K:\Clients\Arlie & Co 2946\Hawaii Loan 2946-126\Mortgage 111309.doc

# Exhibit A

PARCEL FIRST: TMK (3)2-5-1-1

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Royal Patent Number 5706, Land Commission
Award Number 8521-B, Part 2 to G. D. Hueu) situate, lying and being at
Kukuau 2, District of South Hilo, Island and County of Hawaii, State
of Hawaii, bearing Tax Key designation (3) 2-5-001-001, and containing
an area of 2,812 acres, more or less.

PARCEL SECOND: TMK (3)2-5-1-3

All of that certain parcel of land (being portion(s) of the
land(s) described in and covered by Royal Patent Number 1950,
Number 2, to Charles H. Wetmore, Land Commission Award Number
387, Part 4, Section 1 to the American Board of commissioners
for Foreign Missions) situate, lying and being at Punahoa 2nd,
District of South Hilo, Island and County of Hawaii, State of
Hawaii, bearing Tax Key designation (3) 2-5-001-003, and
containing an area of 1,178.102 acres, more or less.

PARCEL THIRD: TMK (3)2-5-1-7

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Royal Patent Number 1950, Apana 2, Land
Commission Award Number 387, Part 4, Section 1 to A.B.C.F.M and Royal
Patent Number 5707, Land Commission Award Number 463 to Kuihelani for
E. Kahakumakaliua) situate, lying and being at Punahoa 1st and 2nd,
District of South Hilo, Island and County of Hawaii, State of Hawaii,
bearing Tax Key designation (3) 2-5-001-007, and containing an area of
377.788 acres, more or less.

Together with an easement for roadway purposes over Parcel 3, the same
being Tax Key (3) 2-5-001-014, which easement will be appurtenant to
the two (2) parcels created by the conveyance of Parcel 3, as granted
by DEED dated November 7, 1977, recorded in Liber 12572 at Page 212,
and amended by AMENDMENT OF DEED dated February 16, 1982, recorded in
Liber 16202 at Page 684, said Parcel 3 being more particularly
described therein; and subject to the terms and provisions contained
therein.

PARCEL FOURTH: TMK (3)2-5-2-3

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Land Patent Grant Number 3758 to William
R. Castle, Edward G. Hitchcock and David H. Hitchcock) situate, lying
and being at Kukuau 2nd and Kaumana, District of South Hilo, Island
and County of Hawaii, State of Hawaii, bearing Tax Key designation (3)
2-5-002-003, and containing an area of 177.000 acres, more or less.

PARCEL FIFTH: TMK (3)2-5-8-1

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Royal Patent Number 1950, Number 2, Land
Commission Award Number 387, Part 4, Section 1 to A.B.C.F.M. and Royal
Patent Number 5707, Land Commission Award Number 463 to Kuihelani for
E. Kahakumakaliua) situate, lying and being at Punahoa 1st and 2nd,
District of South Hilo, Island and County of Hawaii, State of Hawaii,
bearing Tax Key designation (3) 2-5-008-001, and containing an area of
681.095 acres, more or less.

Together with an easement for roadway purposes over Parcel 3, the same
being Tax Key (3) 2-5-001-014, which easement will be appurtenant to
the two (2) parcels created by the conveyance of Parcel 3, as granted
by DEED dated November 7, 1977, recorded in Liber 12572 at Page 212,
and amended by AMENDMENT OF DEED dated February 16, 1982, recorded in
Liber 16202 at Page 684, said Parcel 3 being more particularly
described therein; and subject to the terms and provisions contained
therein.

         ALL OF THE ABOVE PARCELS BEING PREMISES ACQUIRED BY
         SPECIAL WARRANTY DEED

         GRANTOR   : MAUNA KEA AGRIBUSINESS CO., INC., a
                      Hawaii corporation

         GRANTEE   : HAWAII FOREST PRODUCTS, LLC, an
                      Oregon limited liability company

         DATED     : August 2, 2002
         RECORDED  : Document No. 2002-134586

# EXHIBIT  B



John D. Fiero

December 17, 2010

jfiero@pszjlaw.com
415-263-7000

PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP
SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY

150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500
TELEPHONE: **415/263 7000**
FACSIMILE: 415/263 7010

LOS ANGELES

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

TELEPHONE: **310/277 6910**
FACSIMILE: 310/201 0760

DELAWARE

919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705
(Courier Zip Code 19801)

TELEPHONE: **302/652 4100**
FACSIMILE: 302/652 4400

NEW YORK

780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: **212/561 7700**
FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

**VIA FEDEX AND EMAIL**

Pioneer Asset Investment Limited
c/o Wilson C. Muhlheim, Attorney at Law
88 E. Broadway
Eugene, Oregon 97401
Muhlheim@mb-lawoffice.com

Re:    In re: Arlie & Company
       Chapter 11 Case No.:  10-60244-aer11

Dear Mr. Muhlheim:

        As you know, this office represents Arlie & Company ("Arlie") in its chapter 11 bankruptcy case, which was commenced by the filing of a voluntary petition for relief in the United States Bankruptcy Court for the District of Oregon, Eugene Division on January 20, 2010 (the "Petition Date"). Arlie is the successor by merger to Hawaii Forest Products, LLC ("Hawaii Forest Products").

        Reference is made to that certain mortgage dated December 17, 2009 between Hawaii Forest Products, as mortgagor, Pioneer Asset Investment Limited ("Pioneer"), as mortgagee, securing a debt in the face amount of $1.5 million (the "Pioneer Mortgage"). The Pioneer Mortgage was recorded with the State of Hawaii Bureau of Conveyances on January 22, 2010 as document number 2010-010163 (the "Purported Pioneer Lien"). This date is two days after the Petition Date.

        Pursuant to Section 362(a)(4) of the Bankruptcy Code, 11 U.S.C. § 362(a)(4), the filing of a bankruptcy case creates an "automatic stay" of any act to create or perfect a lien against property of the debtor's estate. Acts taken in violation of the automatic stay are void. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).

05437-001\DOCS_SF:75093.1



PACHULSKI

STANG

ZIEHL

JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

Wilson C. Muhlheim, Esq.
December 17, 2010
Page 2


Because the Purported Pioneer Lien was recorded after the Petition Date without relief from the automatic stay, both the act of recording the lien and the Purported Pioneer Lien are void.  *See In re Lockridge*, 303 B.R. 449, 457 (Bankr. D. Ariz. 2003); *In re Blair*, 2000 Bankr. LEXIS 2115, 30-31 (Bankr. D. Idaho May 18, 2000).

Accordingly, Arlie requests that you immediately cancel the Purported Pioneer Lien.  Please contact me at your earliest convenience to discuss this issue.


Very truly yours,

John D. Fiero

jdf

# EXHIBIT  C

| UNITED STATES BANKRUPTCY COURT<br>District of Oregon | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**Arlie & Company** | Case Number:<br>**10-60244-aer11** |

| Name of Creditor (the person or other entity to whom the debtor owes money or property) (**NOTE:** STRIKE any preprinted text that is incorrect AND type or print correct information):<br><br>**PIONEER ASSET INVESTMENT LIMITED, a Hong Kong corporation** | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim#**_____(If known)<br><br>Filed on: _____ |

| Name and address where notices should be sent:<br>**Pioneer Asset Investment Limited**<br>**c/o Wilson C. Muhlheim, Attorney at Law**<br>**88 E. Broadway**<br>**Eugene, Oregon  97401**<br>Telephone Number:  **541-868-8005** | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

Name and address where payment should be sent (if different from above):

Telephone Number:

**1.  Amount of Claim as of Date Case Filed:   $ 1,631,998.44**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒  Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2.  Basis for Claim:**
    (See instruction #2 on reverse side.)  **Money Loaned**

**3.   Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
    (See instruction #3a on reverse side.)

**4.  Secured Claim** (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property: $ at least $2 million**   Annual Interest Rate  **23.5**  %

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:**

**$ 1,631,998.44**_____   Basis for perfection:  **Mortgage**

**Amount of Secured Claim: $ 1,631,998.44**_____  **Amount Unsecured: $ 0**

**6.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7.  Documents:** Attach *8 1/2 x 11 INCH* redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(___).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| DATE:<br><br>**4/6/10** | **SIGN** *AND* **PRINT** the name *AND* title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>**X** /s/ Wilson C. Muhlheim, OSB# 681114, Of Attorneys for<br>**PIONEER ASSET INVESTMENT LIMITED, a Hong Kong corporation** | *MAIL CLAIM TO:*<br><br>Clerk, U.S. Bankruptcy Court (If the 5–digit portion of the Case No. begins with a "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; **OR** if it begins with a "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.) |

**NOTE: DO *NOT* FILE CLAIM IF SAME ONE ALREADY FILED IN THIS CASE!!**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both – 18 U.S.C. §§ 152 and 3571.*

**\* \* \* OVER FOR INSTRUCTIONS \* \* \***

LAND COURT SYSTEM                                    REGULAR SYSTEM

AFTER RECORDATION, RETURN TO:
Michael P. Kearney
Michael P. Kearney, P.C.
P.O. Box 1758
Eugene, OR 97440-1758

# MORTGAGE

This mortgage is made December **17**, 2009, by Hawaii Forest Products, LLC of 2911 Tennyson Avenue, Suite 400, Eugene, Oregon 97408 ("mortgagor"), and Pioneer Asset Investment Limited, of c/o Joseph W. Boucher, Neider & Boucher, S.C., 400 Science Drive, Suite 300, Madison, Wisconsin 53711 ("mortgagee").

Mortgagor, in consideration of $1,500,000.00 to mortgagor paid by mortgagee, the receipt of which is acknowledged, does grant, bargain, sell, assign, and convey to mortgagee, its successors and assigns, the property situated on the Island and County of Hawaii, described on the attached <u>Exhibit A</u>, together with the buildings, improvements, tenements, rights, easements, privileges, and appurtenances to the same belonging or appertaining or held and enjoyed with the same; the reversion, remainders, rents, issues, and profits of the same (provided, however, that mortgagor shall be entitled to collect and retain such rents, issues, and profits until a default under this mortgage); all of the estate, right, title, and interest of mortgagor both at law and in equity, in and to the same; and all fixtures now or later attached to or used in connection with the premises described above.

To have and to hold the same to mortgagee, its successors and assigns forever, as to all property conveyed in fee simple, and as to leasehold interests in real property for the unexpired residue of the term of the lease; provided that if mortgagor pays to mortgagee the above sum according to the tenor of that certain promissory note bearing even date (the "promissory note") and secured by this mortgage, the terms of which note are incorporated by reference, discharges all obligations under this mortgage that are secured as an additional charge against the property mortgaged by this instrument, and observes and performs all the covenants and agreements contained in this mortgage and pays the costs of release, then this mortgage shall be void.

**1 – MORTGAGE**
K:\Clients\Arlie & Co 2946\Hawaii Loan 2946-126\Mortgage 111309.doc

But on failure to make any payment provided under the promissory note, on the breach of any covenant or agreement of this mortgage or in any promissory note or terms of any other obligation secured by this mortgage, or if mortgagor's interest in the real property mortgaged is a leasehold estate and mortgagor fails to observe and perform any covenant or agreement contained in the lease, then the whole amount of all indebtedness owing by or chargeable to mortgagor under any provision of this mortgage or intended to be secured by this mortgage shall at the option of mortgagee and without notice at once become due and payable. In that event, with or without foreclosure, mortgagee shall have the immediate right to receive and collect all rents and profits due, accrued, or to become due. These rents and profits are by this mortgage assigned to mortgagee and mortgagee is irrevocably appointed the attorney in fact of mortgagor in the name of mortgagor or in its own name to demand, sue for, collect, recover, and receive all such rents and profits, to compromise and settle claims for rents or profits on such terms and conditions as to it may seem proper, and to enter into, renew, or terminate leases or tenancies. Mortgagee may foreclose this mortgage by suit in equity with the immediate right to a receivership on ex parte order and without bond pending foreclosure, or as now provided by law by entry and possession, or, with or without entry and possession, may sell the property or any part of it either as a whole or in parcels, together with all improvements that may be on the property so sold, at public auction, and may in its own name or as the attorney in fact of mortgagor, for such purpose irrevocably appointed by this mortgage, effectually convey the property so sold to the purchaser or purchasers absolutely and forever. Any foreclosure shall forever bar mortgagor and all persons claiming under mortgagor from all right and interest in the property at law and in equity. Out of the proceeds of any foreclosure sale, mortgagee may deduct all expenses of sale, foreclosure, or suit, including an attorney fee, and retain or be awarded all sums then payable or chargeable to mortgagor on every account. The amount by which such sums exceed the indebtedness payable by or chargeable to mortgagor, if any, shall be rendered to mortgagor. If the proceeds are insufficient to discharge the same in full, mortgagee may have any other legal recourse against mortgagor for the deficiency. Mortgagee may be the purchaser at any foreclosure sale, and no other purchaser shall be answerable for the application of the purchase money.

Mortgagee shall have the right to enforce one or more remedies under this mortgage or any other remedy it may have, successively or concurrently.

Mortgagor covenants with mortgagee as follows:

## SECTION ONE
## PAYMENT OF PRINCIPAL AND INTEREST

Mortgagor will pay the principal of and interest on the indebtedness evidenced by the promissory note secured by this mortgage at the times and in the manner provided in the note.

## SECTION TWO
## CONTINUING EFFECT OF LIEN

The lien of this instrument shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness or any part of it secured by this mortgage.

## SECTION THREE
## TAXES AND ASSESSMENTS

Mortgagor will pay and discharge the obligations secured by this mortgage, and will pay all taxes, rates, assessments, rents, impositions, duties, and charges of every kind and nature, that are now or may later be levied or assessed or become a charge on or against the premises and improvements described in these presents, and will promptly deliver the official receipts for the same to mortgagee. In default of any such payment or on the failure to observe or perform any covenant or condition of this mortgage, or if any suit, proceeding, or other contingency shall arise with respect to any of the mortgaged property, mortgagee may make such advances as may reasonably be deemed proper or necessary to protect its security and recover any such advances made and all expenses, including reasonable attorney's fees, paid or incurred by it, even though any such charge or claim is invalid, twenty (20) days after demand, together with interest to the date of payment at the rate provided for in the principal indebtedness, and the same shall be secured by this mortgage.

## SECTION FOUR
## MAINTENANCE OF PROPERTY

Mortgagor will keep the mortgage property in good condition and repair, and will comply with all applicable laws and governmental rules and regulations, and not commit or suffer any strip or waste. Mortgagee may enter and inspect the premises and may cause reasonable maintenance work to be performed, and the cost of such work shall constitute an advance under the preceding Section Three.

## SECTION FIVE
## FORBEARANCE NOT A WAIVER

No notice of the exercise of any option granted in this mortgage or in the note secured by this mortgage is required to be given, such notice being waived. Failure to exercise an option shall not constitute a waiver of the right to exercise the option in event of a subsequent default.

## SECTION SIX
## CONDEMNATION

If the mortgaged property or any part of it is condemned, mortgagee is irrevocably authorized to collect all the proceeds, and apply the same on any obligation secured by this mortgage.

## SECTION SEVEN
## COVENANT OF OWNERSHIP

Mortgagor is the owner in fee simple of the property (or has such other estate as is stated in this mortgage); the property is free from all encumbrances, except as otherwise recited in this mortgage; mortgagor has good right to grant and convey or assign the same to mortgagee; and will warrant and defend the same to mortgagee against the claims and demands of all persons during the term of any leasehold interest included in this mortgage and, as to all property conveyed in fee simple, will warrant and defend the same against the claims and demands of all persons, forever.

## SECTION EIGHT
## RULES OF CONSTRUCTION

The term "mortgagee" when used in this mortgage shall include mortgagee, its successors and assigns, any payee of the indebtedness secured by this mortgage, or any transferee of the same whether by operation of law or otherwise. The term "mortgagor" when used in this mortgage shall include mortgagor, mortgagor's heirs, executors, and administrators. All covenants and agreements on the part of mortgagor to be observed and performed shall be joint and several. The singular shall include the plural, the plural shall include the singular, and the use of any gender shall include all genders.

Mortgagor has signed this mortgage the day and year first above written.

HAWAII FOREST PRODUCTS, LLC

By: _____

Name: John Musumeci

Title: Manager

STATE OF OREGON     )
                    :    ss.
County of Lane      )

This instrument was acknowledged before me this 17th day of December, 2009, by John Musumeci as Manager of Hawaii Forest Products, LLC.

Marsha Westling

Notary Public for Oregon
My Commission Expires: _____

OFFICIAL SEAL
MARSHA K WESTLING
NOTARY PUBLIC - OREGON
COMMISSION NO. 436599
MY COMMISSION EXPIRES APRIL 6, 2013

**4 – MORTGAGE**
K:\Clients\Arlie & Co 2946\Hawaii Loan 2946-126\Mortgage 111309.doc

# Exhibit A

**PARCEL FIRST: TMK (3)2-5-1-1**

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 5706, Land Commission Award Number 8521-B, Part 2 to G. D. Hueu) situate, lying and being at Kukuau 2, District of South Hilo, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 2-5-001-001, and containing an area of 2,812 acres, more or less.

**PARCEL SECOND: TMK (3)2-5-1-3**

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 1950, Number 2, to Charles H. Wetmore, Land Commission Award Number 387, Part 4, Section 1 to the American Board of commissioners for Foreign Missions) situate, lying and being at Punahoa 2nd, District of South Hilo, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 2-5-001-003, and containing an area of 1,178.102 acres, more or less.

**PARCEL THIRD: TMK (3)2-5-1-7**

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 1950, Apana 2, Land Commission Award Number 387, Part 4, Section 1 to A.B.C.F.M and Royal Patent Number 5707, Land Commission Award Number 463 to Kuihelani for E. Kahakumakaliua) situate, lying and being at Punahoa 1st and 2nd, District of South Hilo, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 2-5-001-007, and containing an area of 377.788 acres, more or less.

Together with an easement for roadway purposes over Parcel 3, the same being Tax Key (3) 2-5-001-014, which easement will be appurtenant to the two (2) parcels created by the conveyance of Parcel 3, as granted by DEED dated November 7, 1977, recorded in Liber 12572 at Page 212, and amended by AMENDMENT OF DEED dated February 16, 1982, recorded in Liber 16202 at Page 684, said Parcel 3 being more particularly described therein; and subject to the terms and provisions contained therein.

**PARCEL FOURTH: TMK (3)2-5-2-3**

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Land Patent Grant Number 3758 to William R. Castle, Edward G. Hitchcock and David H. Hitchcock) situate, lying and being at Kukuau 2nd and Kaumana, District of South Hilo, Island and County of Hawaii, State of Hawaii, bearing Tax Key designation (3) 2-5-002-003, and containing an area of 177.000 acres, more or less.

PARCEL FIFTH: TMK (3)2-5-8-1

All of that certain parcel of land (being portion(s) of the land(s)
described in and covered by Royal Patent Number 1950, Number 2, Land
Commission Award Number 387, Part 4, Section 1 to A.B.C.F.M. and Royal
Patent Number 5707, Land Commission Award Number 463 to Kuihelani for
E. Kahakumakaliua) situate, lying and being at Punahoa 1st and 2nd,
District of South Hilo, Island and County of Hawaii, State of Hawaii,
bearing Tax Key designation (3) 2-5-008-001, and containing an area of
681.095 acres, more or less.

Together with an easement for roadway purposes over Parcel 3, the same
being Tax Key (3) 2-5-001-014, which easement will be appurtenant to
the two (2) parcels created by the conveyance of Parcel 3, as granted
by DEED dated November 7, 1977, recorded in Liber 12572 at Page 212,
and amended by AMENDMENT OF DEED dated February 16, 1982, recorded in
Liber 16202 at Page 684, said Parcel 3 being more particularly
described therein; and subject to the terms and provisions contained
therein.

ALL OF THE ABOVE PARCELS BEING PREMISES ACQUIRED BY
SPECIAL WARRANTY DEED

GRANTOR    :  MAUNA KEA AGRIBUSINESS CO., INC., a
              Hawaii corporation

GRANTEE    :  HAWAII FOREST PRODUCTS, LLC, an
              Oregon limited liability company

DATED      :  August 2, 2002
RECORDED   :  Document No. 2002-134586

# PROMISSORY NOTE

$1,500,000                          Eugene, Oregon        Effective September 12, 2008

**Maker:**     HAWAII FOREST PRODUCTS, LLC, an Oregon limited liability company

**Holder:**     PIONEER ASSET INVESTMENT LIMITED, a Hong Kong corporation

1.     **Payment Amount.** For value received the Maker agrees to pay to Holder the sum of one million five hundred thousand and 00/100 dollars ($1,500,000.00).

2.     **Interest.** The interest on this Note shall be at the rate of fifteen percent (15%) per annum. Interest accrues from the date of this Note.

3.     **Payment Terms.** Maker shall prepay the interest upon execution of this Note. The Note, both principal and any unpaid interest, shall be due and payable in full on or before March 12, 2009.

4.     **Prepayment.** Maker may not prepay all or any part of this Note within ninety (90) days of the date of this Note. From the ninety-first (91st) day through the one hundred twentieth (120th) day, Maker may prepay with a two and ½ percent (2.5%) penalty times the principal amount prepaid. From the one hundred twenty-first (121st) day through the one hundred fiftieth (150th) day, Maker may prepay with a one and ¾ percent (1.75%) penalty times the principal amount prepaid. From the one hundred fifty-first (151st) day through the one hundred seventy-third (173rd) day, Maker may prepay with a one percent (1%) penalty times the principal amount prepaid. Thereafter, Maker may prepay without penalty. Upon a prepayment, Maker shall be entitled to a credit for any unearned prepaid interest up to the date of such prepayment of principal amount.

5.     **Application of Payments.** Payments will be applied first to any unpaid interest and late charges to date of payment and then to principal.

6.     **Place of Payment.** All payments shall be made payable to Holder and delivered or sent to the following address:

> Pioneer Asset Investment Limited
> c/o Joseph Boucher
> Neider & Boucher, S. C.
> 440 Science Drive Suite 300
> Madison, WI 53711

or at such other place as Holder may hereafter designate in writing. Payment is deemed made when received in hand by Holder.

7.     **No Set Off.** The obligations of Maker are absolute, unconditional and irrevocable to pay without set off or deduction of all payments due strictly and according to the terms of this Note.

**Promissory Note – Page 1**
C:\D Data\Downloads\Work\PromissoryNote(LongForm)\PromissoryNote(LongForm).doc

8.  **Default.**  The balance due under this Note may, at the option of the Holder, be declared immediately due and payable subject to the notice set forth herein if Maker defaults in payment of this Note.  Upon a default in payment of this Note, Holder shall be required to provide Maker a not less than thirty (30) day written notice of default.  Holder may delay in enforcing its rights or in giving any such notice without losing any rights to enforce the terms of this Note.  Any outstanding amount of this note shall bear 18% per annum interest during such default period.

9.  **Notices.**  All notices desired to be given with regard to this Note shall be in writing and shall be deemed delivered forty-eight (48) hours after deposit with an international overnight delivery service such as Federal Express, addressed to the party intended to receive the notice to that party's address as set forth below, or to such other address as that party may have specified by prior written notice in writing:

| | |
|---|---|
| Maker: | Hawaii Forest Products |
| | 871 Country Club Road |
| | Eugene, OR 97401 |
| | |
| Holder: | Pioneer Asset Investment Limited |
| | c/o Joseph Boucher |
| | Neider & Boucher, S. C. |
| | 440 Science Drive Suite 300 |
| | Madison, WI 53711 |

10.  **Collateral.**  This Note is secured by a deed covering a parcel of real property located in Hawaii County, Hawaii, which is to be held by the parties' escrow agent pending a default by Maker or upon Holder's exercise of an option to acquire such property pursuant to the terms of the separate Option Agreement mentioned above.  Upon Maker's default in payment of this Note or Holder's exercise of its option, the escrow agent shall deliver the deed to Holder for recording, as set forth in such agreements.  Recording of the deed shall be at Maker's expense.

11.  **General Provisions.**  Holder may delay or forego enforcing any of its rights or remedies under this Note without losing them.

12.  **Attorney Fees.**  In the even a legal proceeding is instituted to establish or enforce a right under this Note, the prevailing party at trial or any appeal thereof shall be entitled to reasonable attorney fees in addition to costs and disbursements allowed by law.

MAKER:

HAWAII FOREST PRODUCTS, LLC
an Oregon limited liability company

By: _____

JOHN MUSUMECI

**Promissory Note – Page 2**



## MODIFICATION OF PROMISSORY NOTE

This Modification of Promissory Note is entered into on March 12, 2009 between PIONEER INVESTMENT LIMITED, a Hong Kong corporation, ("Pioneer"); and HAWAII FOREST PRODUCTS, LLC, an Oregon limited liability company ("Borrower").

### RECITALS

A.      On or about September 12, 2008, Borrower executed and delivered to Pioneer a promissory note in the original amount of $1,500,000, herein the "Note."

B.      Borrower and Pioneer have agreed to extend the maturity date of the Note to September 12, 2009 and increase the interest rate. Borrower and Pioneer wish to modify the Note to reflect such changes.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this agreement agree as follows:

### AMENDMENT

1.      Section 2, entitled "Interest", in the Note is hereby amended to read as follows:

"2.      **Interest.** The interest on this Note shall be at the rate of twenty percent (20%) per annum. Interest accrues from the date of this Modification."

2.      Section 3, entitled "Payment Terms", in the Note is hereby amended to read as follows:

"3.      **Payment Terms.** Upon execution of this Modification, Maker shall prepay three months of interest ($75,000.00). Maker shall be obligated to make a second prepayment of three months of interest ($75,000.00) on or before June 12, 2009. The entire balance of this Note, both principal and any unpaid interest, shall be due and payable in full on or before September 12, 2009."

3.      Section 4, entitled "Prepayment", shall be deleted in its entirety, and hereby amended to read as follows:

"4.      **Prepayment.** Maker shall be entitled to prepay all or any part of this note at any time without penalty. Any prepayment of interest shall serve as a credit toward the balance owed if the Note is paid in full prior to its due date."

4.      Section 8, entitled "Default", in the Note is hereby amended to read as follows:

"8.      **Default.** The balance due under this Note may, at the option of the Holder, be declared immediately due and payable subject to the notice set forth herein if Maker defaults in payment of this Note. Upon default in payment of this Note, Holder shall be required to provide Maker a not less than thirty (30) day written notice of default. Holder may delay in enforcing its rights or in giving such notice without losing any

PROMISSORY NOTE – PAGE 1 of 2

rights to enforce the terms of this Note. Any outstanding amount of this note shall bear 23.5% per annum interest during such default period."

4.      Except as expressly modified by this amendment, all terms and conditions of the original Note shall remain in full force and effect.

HAWAII FOREST PRODUCTS, LLC

By:_____

PIONEER ASSET INVESTMENT LIMITED

By:_____

PROMISSORY NOTE – PAGE 2 of 2

## SECOND MODIFICATION OF PROMISSORY NOTE

This Second Modification of Promissory Note is entered into on September ___, 2009 between PIONEER INVESTMENT LIMITED, a Hong Kong corporation, ("Pioneer"); and HAWAII FOREST PRODUCTS, LLC, an Oregon limited liability company ("Borrower").

### RECITALS

A.     On or about September 12, 2008, Borrower executed and delivered to Pioneer a promissory note in the original amount of $1,500,000, herein the "Note."

B.     On or about March 12, 2009, Borrower executed and delivered to Pioneer a modification to the Note ("First Note Modification").

C.     Borrower and Pioneer have agreed to extend the maturity date of the Note to October 12, 2009. Borrower and Pioneer wish to modify the Note to reflect such changes.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this agreement agree as follows:

### AMENDMENT

1.     Section 3, entitled "Payment Terms", in the Note is hereby amended to read as follows:

"3.     **Payment Terms.**  Upon execution of this Modification, Maker shall prepay

## THIRD MODIFICATION OF PROMISSORY NOTE

This Third Modification of Promissory Note is entered into on October ____, 2009 between PIONEER INVESTMENT LIMITED OF HONG KONG, a Hong Kong corporation, ("Pioneer"); and HAWAII FOREST PRODUCTS, LLC, an Oregon limited liability company ("Borrower").

### RECITALS

A.     On or about September 12, 2008, Borrower executed and delivered to Pioneer a promissory note in the original amount of $1,500,000, herein the "Note."

B.     On or about March 12, 2009, Borrower executed and delivered to Pioneer a modification to the Note ("First Note Modification").  On September 12, 2009, Borrower executed and delivered to Pioneer a second modification to the Note ("Second Note Modification").

C.     Borrower and Pioneer have agreed to extend the maturity date of the Note to November 12, 2009 and increase the interest rate.  Borrower and Pioneer wish to modify the Note to reflect such changes.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this agreement agree as follows:

### AMENDMENT

1.     Section 3, entitled "Payment Terms," in the Note is hereby amended to read as follows:

"3.     **Payment Terms.**  Upon execution of this Modification, Maker shall prepay one month of interest ($25,000.00).  The entire balance of this Note, both principal and any unpaid interest, shall be due and payable in full on or before November 12, 2009.  This prepayment of interest shall not be refundable in whole or in part regardless of the early repaying of this note."

2.     Except as expressly modified by this amendment, all terms and conditions of the original Note, the first Note Modification and the Second Note Modification shall remain in full force and effect.

HAWAII FOREST PRODUCTS, LLC     PIONEER ASSET INVESTMENT
                                    LIMITED OF HONG KONG

By:_____    By:_____

## FOURTH MODIFICATION OF PROMISSORY NOTE

This Fourth Modification of Promissory Note is entered into on November December 17, 2009 between PIONEER INVESTMENT LIMITED OF HONG KONG, a Hong Kong corporation, ("Pioneer"); and HAWAII FOREST PRODUCTS, LLC, an Oregon limited liability company ("Borrower").

## RECITALS

A.    On or about September 12, 2008, Borrower executed and delivered to Pioneer a promissory note in the original amount of $1,500,000, herein the "Note."

B.    On or about March 12, 2009, Borrower executed and delivered to Pioneer a modification to the Note ("First Note Modification").  On or about September 12, 2009, Borrower executed and delivered to Pioneer a second modification of the Note ("Second Note Modification"). On or about October 12, 2009, Borrower executed and delivered to Pioneer a third modification to the Note ("Third Note Modification").

C.    Borrower and Pioneer have agreed to extend the maturity date of the Note to February 12, 2010.  Borrower and Pioneer wish to modify the Note to reflect such changes.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties to this agreement agree as follows:

## AMENDMENT

1.    Section 3, entitled "Payment Terms", in the Note is hereby amended to read as follows:

"3.    **Payment Terms.** Upon execution of this Modification, the entire balance of this Note, both principal and any unpaid interest, shall be due and payable in full on or before February 12, 2010."

2.    Section 10, entitled "Collateral", in the Note is hereby amended to read as follows:

"10.    **Collateral.** This Note is secured by a mortgage signed and delivered by Maker on behalf of Holder covering certain parcels of real property located in Hawaii County, Hawaii dated November 17, 2009."

3.    Except as expressly modified by this amendment, all terms and conditions of the original Note shall remain in full force and effect.


HAWAII FOREST PRODUCTS, LLC          PIONEER ASSET INVESTMENT
                                     LIMITED OF HONG KONG


**PROMISSORY NOTE – PAGE 1 of 2**
C:\Documents and Settings\USER6\Local Settings\Temporary Internet
Files\Content.IE5\BUKLGYQL\FourthModificationofPromissoryNote(00279046-2).DOC

By: _____

By: _____

PROMISSORY NOTE -- PAGE 2 of 2

C:\Documents and Settings\USER6\Local Settings\Temporary Internet
Files\Content.IE5\BUKLGYQL\Fourth Modification of Promissory Note(00279046-2).DOC

## Pioneer to Arlie Loan

Rate Period ................... :  Exact Days

Nominal Annual Rate .... :  15.000 %

## CASH FLOW DATA

| | Event | Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 09/12/2008 | 1,500,000.00 | 1 | | |
| 2 | Payment | 03/12/2009 | 112,500.00 | 1 | | |
| 3 | Rate Change | 03/12/2009 | Rate: 20.000 % | Rate Period: Exact Days | | |
| 4 | Payment | 09/12/2009 | 75,000.00 | 1 | | |
| 5 | Payment | 10/13/2009 | 25,000.00 | 1 | | |
| 6 | Payment | 10/13/2009 | 25,000.00 | 1 | | |
| 7 | Rate Change | 01/20/2010 | Rate: 23.500 % | Rate Period: Exact Days | | |
| 8 | Payment | 01/20/2010 | 0.00 | 1 | | |

## AMORTIZATION SCHEDULE - U.S. Rule (no compounding)

| | Date | Payment | Interest Accrued | Interest Paid | Principal Paid | Interest | Balance Due Principal | Total |
|---|---|---|---|---|---|---|---|---|
| Loan | 09/12/2008 | | 0.00 | 0.00 | 0.00 | 0.00 | 1,500,000.00 | 1,500,000.00 |
| 2008 Totals | | 0.00 | 0.00 | 0.00 | 0.00 | | | |
| 1 | 03/12/2009 | 112,500.00 | 111,575.34 | 111,575.34 | 924.66 | 0.00 | 1,499,075.34 | 1,499,075.34 |
| Rate | 03/12/2009 | | 0.00 | 0.00 | 0.00 | 0.00 | 1,499,075.34 | 1,499,075.34 |
| | 03/12/2009 | Rate: 20.000 % | | Rate Period: Exact Days | | | | |
| 2 | 09/12/2009 | 75,000.00 | 151,139.65 | 75,000.00 | 0.00 | 76,139.65 | 1,499,075.34 | 1,575,214.99 |
| 3 | 10/13/2009 | 25,000.00 | 25,463.75 | 25,000.00 | 0.00 | 76,603.40 | 1,499,075.34 | 1,575,678.74 |
| 4 | 10/13/2009 | 25,000.00 | 0.00 | 25,000.00 | 0.00 | 51,603.40 | 1,499,075.34 | 1,550,678.74 |
| 2009 Totals | | 237,500.00 | 288,178.74 | 236,575.34 | 924.66 | | | |
| Rate | 01/20/2010 | | 81,319.70 | 0.00 | 0.00 | 132,923.10 | 1,499,075.34 | 1,631,998.44 |
| | 01/20/2010 | Rate: 23.500 % | | Rate Period: Exact Days | | | | |
| 5 | 01/20/2010 | 0.00 | 0.00 | 0.00 | 0.00 | 132,923.10 | 1,499,075.34 | 1,631,998.44 |
| 2010 Totals | | 0.00 | 81,319.70 | 0.00 | 0.00 | | | |
| Grand Totals | | 237,500.00 | 369,498.44 | 236,575.34 | 924.66 | | | |

Pioneer to Arlie Loan

An open balance of 1,631,998.44 still remains.