John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California  94111-4500
Tel:  415/263-7000; Facs: 415/263-7010
Email: jfiero@pszjlaw.com

Brad T. Summers (OSB No. 911116)
David W. Criswell (OSB No. 925930)
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
Tel:  503/228-2525; Facs: 503/295-1058
Email: tsummers@balljanik.com

Attorneys for Debtor Arlie & Company

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ARLIE & COMPANY,<br><br>　　　　　Debtor. | Case No. 10-60244-aer11 |
| ARLIE & COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PIONEER ASSET INVESTMENT LIMITED, a Hong Kong corporation,<br><br>　　　　　Defendant. | Adv. Proc. No. 11-06018<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM** |

Arlie & Company, the debtor and debtor-in-possession herein (the "Debtor" or "Plaintiff") brings this motion for summary judgment (the "Motion") on its complaint against Pioneer Asset Investment Limited ("Pioneer") because the undisputed facts demonstrate that Pioneer's purported lien encumbering five parcels of real property located in Hilo, Hawaii (the "Hawaii Parcels") was recorded after Plaintiff filed its petition for bankruptcy and in violation of

Page 1 -    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75976.3

the automatic stay. As a matter of law, Pioneer's claim is unsecured. Accordingly, Plaintiff seeks summary judgment (1) declaring Pioneer's lien void, and (2) sustaining Plaintiff's objection to Pioneer's proof of claim alleging a security interest in the Hawaii Parcels.

## I.  FACTUAL BACKGROUND

Pursuant to Local Bankruptcy Rule 7056-1(a)(1)(B), Plaintiff has filed herewith a *Concise Statement of Material Facts In Support of Plaintiff's Motion for Summary Judgment* ("Undisputed Facts") detailing the material facts and evidence supporting this Motion.

At all relevant times, Plaintiff owned 100% of the equity of Hawaii Forest Products, a Hawaii limited liability company ("HFP"). Effective September 12, 2008, Pioneer loaned $1,500,000.00 (the "Loan") to HFP. The Loan was memorialized by a promissory note, as subsequently amended. On or about December 17, 2009, Pioneer and HFP entered into a Fourth Modification of Promissory Note, extending the term of the Loan and purportedly agreeing to provide Pioneer with collateral in the form of a mortgage encumbering five parcels of real property located in Hawaii County, Hawaii (the "Hawaii Parcels"). On the same date, December 17, 2009, HFP executed a Mortgage in favor of Pioneer encumbering the Hawaii Parcels (the "Mortgage"). *See* Undisputed Facts, ¶¶ 1-4.

HFP was merged into Plaintiff on January 4, 2010, such that HFP ceased to exist and had no further separate existence. Undisputed Facts, ¶5.

Plaintiff filed its voluntary petition for bankruptcy on January 20, 2010 (the "Petition Date"). The Mortgage was not recorded until January 22, 2010 (the "Purported Lien"), two days after the Petition Date. Undisputed Facts, ¶¶ 6-7.

Pioneer cannot dispute any of these facts, and effectively confirmed them in its recent Objection filed in response to the Debtor's sale motion regarding the Hawaii Parcels. *See* Pioneer's *Objection to Debtor's Motion for Order Approving Bid Procedures, Etc.* filed February 22, 2011 [Dkt. No. 459].

Page 2 -     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM

Pioneer filed a secured proof of claim ("Claim") in the amount of $1,631,998.44 based on the Purported Lien. Undisputed Facts, ¶8. Plaintiff's bankruptcy counsel requested that Pioneer cancel its Purported Lien, which is in violation of the automatic stay, but Pioneer has refused and continues to assert that its Claim is secured. Undisputed Facts, ¶¶ 9-10. Plaintiff has been forced to initiate this adversary proceeding and object to Pioneer's Claim in order to resolve this matter, sell the Hawaii Parcels free and clear of the Purported Lien, and gain immediate access to the proceeds of the sale.

## II.  RELIEF REQUESTED

Pursuant to Bankruptcy Code section 362, Rule 7056 of the Federal Rules of Bankruptcy, and applicable Local Bankruptcy Rules, Plaintiff seeks summary judgment on its Complaint on the grounds that Pioneer's Purported Lien was recorded in violation of the automatic stay of bankruptcy and is therefore void. Plaintiff also requests an order sustaining its objection to Pioneer's Claim and otherwise determining that the Claim is unsecured.

## III.  LEGAL ARGUMENT

### A.  Pioneer's Purported Lien is Void Because It Was Recorded In Violation of the Automatic Stay Under Section 362(a)(4) of the Bankruptcy Code.

On the Petition Date, the Hawaii Parcels became property of the Plaintiff's bankruptcy estate pursuant to Bankruptcy Code section 541(a). Recordation of the Purported Lien on January 22, 2010 was an act in violation of the automatic stay. Undisputed Fact, ¶7 and Exhibit B to Request for Judicial Notice. It is immaterial why the recordation was delayed until after the Petition Date. As a matter of law, the Purported Lien is void and of no effect.

Pursuant to Section 362(a)(4), (5), and (6) of the Bankruptcy Code, the filing of a bankruptcy case creates an "automatic stay" of any act to create or perfect a lien against property of the debtor's estate. Acts taken in violation of the automatic stay are void. Section 362(a) provides in relevant part:

Page 3 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title… operates as a stay, applicable to all entities, of --
>
>> (4) **any act to create, perfect, or enforce any lien against property of the estate**;
>>
>> (5) **any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case** under this title;
>>
>> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

Bankr. Code §362(a)(4)-(6) (emphasis added).

An action by a creditor to enforce a lien against property of the bankruptcy estate is void and of no effect. *In re Schwartz,* 954 F. 2d 569, 571 (9th Cir. 1992) (collecting cases holding that stay violation is void, not merely voidable; post-petition tax assessment deemed void). Extensive case law supports this position. Consistent with *In re Schwartz,* the bankruptcy court for the Northern District of California has held that, whether or not creditors believed that the automatic stay was in effect, their post-petition acts to perfect a lien against property owned by the debtor and his former spouse were in violation of stay and void. When the debtor's property was sold, which was the subject of the creditors' alleged lien, the court held that the creditors had "no valid right, title or interest in the proceeds from the sale" except as an unsecured creditor of the bankruptcy estate. *In re Sedgwick,* 266 B.R. 185, 186 (Bankr. N.D. Cal. 2001). *See also In re Lockridge,* 303 B.R. 449, 452 and 456-57 (Bankr. D. Ariz. 2003) (automobile dealer failed to perfect lien arising from prepetition transaction because clerk was on vacation and "for whatever reason" lien was not recorded until 7 days after the petition; act of perfection was void).

Extensive case law supports avoidance of a post-petition lien on property filed in violation of the automatic stay. *See, e.g., In re Birney,* 200 F. 3d 225, 228 (4th Cir. 1999) (automatic stay precluded lien from attaching to real property post-petition); *In re Warren,* 217 B.R. 538, 539 (Bankr. S.D. Tex. 1997) (same); *In re Halabi,* 189 B.R. 538, 541 (Bankr. S.D. Fla.

Page 4 -   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75976.3

1995) (summary judgment granted in favor of debtor/plaintiff; post-petition recordation of judgment deemed null and void and property deemed free and clear of lien); *In re Terkeltaub,* 117 B.R. 47, 50-51 (Bankr. D. Conn. 1990) (post-petition recordation of mortgage securing pre-petition loan was in violation of stay and void).

      **B.**    **Violations of the Automatic Stay Are Void Without the Need For Any Challenge by the Debtor.**

A violation of the automatic stay is void, without any need for direct challenge by the debtor. *In re Schwartz,* 954 F. 2d at 571. As the Ninth Circuit explained in *Schwartz,* the automatic stay play a vital role of protecting debtors and their estate from collection efforts once bankruptcy has been filed. In light of its purpose and public policy considerations, violations of the automatic stay are void without need for challenge by the debtor:

> Given the important and fundamental purpose of the automatic stay and the broad protections of the Bankruptcy Code, we find that Congress intended violations of the automatic stay to be void rather than voidable. Nothing in the Code or the legislative history suggests that Congress intended to burden a bankruptcy debtor with an obligation to fight off unlawful claims.

*Id.*

Pioneer's Purported Lien is void as a matter of law without any challenge or evidentiary hearing by the Plaintiff. In this case, Plaintiff has filed its Complaint including its objection to Pioneer's Claim in order to clarify for the record that the Purported Lien did not attach to the Hawaii Parcels and the Hawaii Parcels can be sold free and clear.

Page 5 -    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75976.3

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order (1) declaring Pioneer's Purported Lien void, and (2) sustaining Plaintiff's objection to Pioneer's Claim such that Pioneer holds an allowed unsecured claim.

DATED:  March 3, 2011.                     PACHULSKI STANG ZIEHL & JONES LLP

                                                                 By  */s/ John D. Fiero*
                                                        John D. Fiero (CA Bar No. 136557)

                                                        -and-

                                                        BALL JANIK LLP
                                                        David W. Criswell (OSB No. 925930)
                                                        Brad T. Summers (OSB No. 911116)

Page 6 -    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75976.3