John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California  94111-4500
Tel:  415/263-7000; Facs: 415/263-7010
Email: jfiero@pszjlaw.com

Brad T. Summers (OSB No. 911116)
David W. Criswell (OSB No. 925930)
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
Tel:  503/228-2525; Facs: 503/295-1058
Email: tsummers@balljanik.com

Attorneys for Debtor Arlie & Company

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ARLIE & COMPANY,<br><br>                Debtor. | Case No. 10-60244-aer11 |
| ARLIE & COMPANY,<br><br>                Plaintiff,<br><br>      v.<br><br>PIONEER ASSET INVESTMENT LIMITED, a Hong Kong corporation,<br><br>                Defendant. | Adv. Proc. No. 11-06018<br><br>**CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM** |

Pursuant to Local Bankruptcy Rule 7056-1(a)(1)(B), Arlie & Company, the debtor-in-

possession and plaintiff herein (the "Debtor" or "Plaintiff") submits the following *Concise*

*Statement of Material Facts* in support of its motion for summary judgment.  Plaintiff seeks a

judgment (1) determining that defendant Pioneer Asset Investment Limited ("Pioneer")'s

purported lien against Plaintiff's property was recorded in violation of the automatic stay, and is

void, and (2) sustaining Plaintiff's objection to the alleged secured status of Pioneer's claim.

## UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE

1. At all relevant times, Plaintiff owned 100% of the equity of Hawaii Forest Products, a Hawaii limited liability company ("HFP"). *See* Declaration of Suzanne K. Arlie ("Arlie Declaration"), ¶2.

2. Effective September 12, 2008, Pioneer loaned $1,500,000.00 (the "Loan") to HFP. The Loan was memorialized by a promissory note, as subsequently amended. Declaration of John J. Musumeci ("Musumeci Declaration"), ¶2.

3. On or about December 17, 2009, Pioneer and HFP entered into a Fourth Modification of Promissory Note, extending the term of the Loan and purportedly agreeing to provide Pioneer with collateral in the form of a mortgage encumbering five parcels of real property located in Hawaii County, Hawaii (the "Hawaii Parcels"). Musumeci Declaration, ¶3.

4. On the same date, December 17, 2009, HFP executed a Mortgage in favor of Pioneer encumbering the Hawaii Parcels (the "Mortgage"). Musumeci Declaration, ¶3.

5. In furtherance of a Plan of Merger, Plaintiff and HFP duly filed Articles of Merger with the Hawaii State Department of Commerce and Consumer Affairs on or about January 4, 2010. As a result, HFP merged into Plaintiff and the separate existence of HFP ceased. True and correct copies of the Plan of Merger, Articles of Merger, and related documents are attached to the Arlie Declaration as Exhibit A.

6. On January 20, 2010 (the "Petition Date"), Plaintiff filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the above-referenced case number 10-60244-aer11. Chapter 11 Voluntary Petition [Dkt. No. 1].

7. On January 22, 2010, two days after the Petition Date, the Mortgage was recorded with the State Bureau of Conveyances as Document No. 2010-010163 (the "Purported Lien"). A true and correct copy of the Purported Lien on the Hawaii Parcels is attached to the Musumeci Declaration as Exhibit B.

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75975.3

8.     On or about April 6, 2010, Pioneer caused proof of claim number 160 (the "Claim") in the amount of $1,631,998.44 to be filed in the bankruptcy case.  Pioneer has alleged that its Claim is secured.  A true and correct copy of the Claim is attached to the Declaration of John D. Fiero ("Fiero Declaration") as Exhibit C.

9.     On December 17, 2010, Plaintiff, through its bankruptcy counsel, advised Pioneer in writing that the recording of the Purported Lien on the Hawaii Parcels, and the Purported Lien itself, were in violation of the automatic stay and therefore void.  Plaintiff requested cancellation of the Purported Lien.  A true and correct copy of Plaintiff's letter dated December 17, 2010 is attached to the Fiero Declaration as Exhibit D.

10.    Pioneer has refused to cancel the Purported Lien and continues to assert that it holds a security interest in the Hawaii Parcels.  Fiero Declaration, ¶4.

11.    On February 4, 2011, Plaintiff filed its *Complaint For Violation of the Automatic Stay, Declaratory Relief, and Objection to Proof of Claim* ("Complaint").  Pioneer accepted service of the Summons and Complaint on February 15, 2011.  Complaint and Acceptance of Service [AVP 11-06018, Dkt. 3 and 5].


DATED:  March 3, 2011.

                                        PACHULSKI STANG ZIEHL & JONES LLP


                                        By  */s/ John D. Fiero*
                                        John D. Fiero (CA Bar No. 136557)

                                        -and-

                                        BALL JANIK LLP
                                        David W. Criswell (OSB No. 925930)
                                        Brad T. Summers (OSB No. 911116)

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

05437-001\DOCS_SF:75975.3

John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Tel: 415/263-7000; Facs: 415/263-7010
Email: jfiero@pszjlaw.com

Brad T. Summers (OSB No. 911116)
David W. Criswell (OSB No. 925930)
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3219
Tel: 503/228-2525; Facs: 503/295-1058
Email: tsummers@balljanik.com

Attorneys for Debtor Arlie & Company

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>ARLIE & COMPANY,<br><br>     Debtor. | Case No. 10-60244-aer11 |
| ARLIE & COMPANY,<br><br>     Plaintiff,<br><br>  v.<br><br>PIONEER ASSET INVESTMENT<br>LIMITED, a Hong Kong corporation,<br><br>     Defendant. | Adv. Proc. No. 11-06018<br><br>**DECLARATION OF SUZANNE ARLIE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (1) DECLARING PIONEER'S LIEN VOID, AND (2) SUSTAINING PLAINTIFF'S OBJECTION TO PIONEER'S PROOF OF CLAIM** |

I, Suzanne K. Arlie, declare:

1.  I am President and sole director of Arlie & Company, the debtor and debtor-in-

possession (the "Debtor" or "Plaintiff"). I make this declaration of my own personal knowledge

and, if called as a witness, I could and would testify competently thereto.[1]

_____

[1] All capitalized terms not defined herein shall have the meanings set forth in the accompanying Memorandum of Points and Authorities.

Page 1 -  **DECLARATION OF SUZANNE K. ARLIE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

2.      Until Hawaii Forest Products, LLC, a Hawaii limited liability company ("HFP")
was merged out of existence, Plaintiff owned 100% of the equity of HFP and was the sole owner
and member of the limited liability company.

3.      In connection with the merger of HFP into the Plaintiff, I executed each of the
following documents:

- Plan of Merger;

- Consent of the Sole Member In Lieu of Special Meeting, signed on behalf
  of HFP;

- Joint Consent of the Sole Director and Sole Shareholder In Lieu of Special
  Meeting, signed on behalf of Plaintiff;

- Articles of Merger filed January 4, 2010 with the Hawaii State Department
  of Commerce and Consumer Affairs; and

- Articles of Merger filed January 5, 2010 with the Oregon Secretary of
  State.

True and correct copies of the foregoing documents, each bearing my signature, are attached

hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct and that this declaration was executed on March 3, 2011 in

Eugene, Oregon.

_____
Suzanne K. Arlie

PACHULSKI STANG ZIEHL & JONES LLP
150 California St., 15th Floor
San Francisco, CA 94111
415-263-7000

# EXHIBIT A

PLAN OF MERGER

**2911 Tennyson Avenue, LLC,**
**Arlie Property Management, Inc.,**
**Crescent Village Community Gardens, LLC,**
**Crescent Village Homes, LLC, and**
**Hawaii Forest Products, LLC**

with and into

**Arlie & Company**

A.    Arlie & Company, an Oregon corporation (the "Company") is the sole member of each of 2911 Tennyson Avenue, LLC, an Oregon limited liability company ("Tennyson"), Crescent Village Community Gardens, LLC, an Oregon limited liability company ("Community Gardens") and Hawaii Forest Products, LLC, a Hawaii limited liability company ("Hawaii Forest").

B.    Suzanne K. Arlie is President of the Company and is the sole shareholder of Arlie Property Management, Inc., an Oregon corporation ("Property Management"), and the sole member of Crescent Village Homes, LLC, an Oregon limited liability company ("Village Homes").

1.    Merger and Surviving Corporation.

Each of Tennyson, Property Management, Community Gardens, Village Homes, Restaurants and Hawaii Forest (each individually a "Merged Entity," and together the "Merged Entities") will merge (the "Merger") with and into the Company. When the Merger becomes effective, the Company will be the surviving corporation (the "Surviving Corporation") and continue its corporate existence under the laws of the State of Oregon, and the separate existence of each Merged Entity will cease.

2.    Name of Surviving Corporation; Principal Place of Business.

The name of the Surviving Corporation will be Arlie & Company. The Surviving Corporation's principal place of business is, and will be after the Merger, located at 2911 Tennyson Avenue, Suite 400, Eugene, Oregon 97408.

3.    Effective Time.

Upon approval by each Merged Entity and the Company in the manner prescribed by the Oregon Limited Liability Company Act ("OR LLC Act"), the Oregon Business Corporation Act ("OBCA") and the Hawaii Uniform Limited Liability Company Act ("HI LLC Act"), as applicable, the Merger will be effective upon the later to occur of (a) the date of acceptance of the filing of the Articles of Merger with the Secretary of State of the state of

⑩006/016

acceptance of the filing of the Articles of Merger with the Secretary of State of the state of Oregon; and (b) the date of acceptance of the filing of the Articles of Merger with the Secretary of State of the state of Hawaii (the "Effective Time").

4.      Continuation of Business of the Company.

At the Effective Time, as provided in ORS 60.497, the name, identity, existence, assets, rights, privileges, powers and franchises of the Company will continue in the Surviving Corporation, without reversion or impairment, and all of the obligations of the Company will remain obligations of the Surviving Corporation. Neither the rights of creditors nor any liens upon any property of the Company will be impaired by the Merger.

5.      Vesting of the Merged Entities' Business in the Surviving Corporation.

At the Effective Time, the effect of the Merger will be as provided under the applicable provisions of the OR LLC Act, the OBCA and the HI LLC Act, as applicable. Without limitation, at the Effective Time, the separate existence of each Merged Entity will cease and all of the property, assets, rights, privileges, powers and franchises of each Merged Entity will be vested in the Surviving Corporation, without reversion or impairment, and all of the obligations of each Merged Entity will become obligations of the Surviving Corporation. Neither the rights of creditors nor any liens upon any property of any Merged Entity will be impaired by the Merger. Any claim, existing action or proceeding pending by or against any Merged Entity may be prosecuted by or against the Surviving Corporation.

6.      Documents in the Name of the Merged Entities.

At the Effective Time, the officers of the Company may execute, deliver and file in each Merged Entity's name any documents which the Company deems appropriate.

7.      No Amendment of Articles or Bylaws.

At the Effective Time, the Articles of Incorporation ("Articles") and Bylaws ("Bylaws") of the Company in effect immediately before the Effective Time will be the Articles and Bylaws, respectively, of the Surviving Corporation.

8.      Directors.

At the Effective Time, the board of directors of the Surviving Corporation will be the board of directors of the Company immediately before the Effective Time, the sole member of the board of directors to hold office in accordance with the Articles and Bylaws of the Surviving Corporation until her successor is appointed and qualified or until her earlier death, resignation or removal.

☒007/016

9.    Officers.

At the Effective Time, the officers of the Surviving Corporation will be the officers of the Company immediately before the Effective Time, each to hold office in accordance with the Articles and Bylaws of the Surviving Corporation until his or her successor is appointed and qualified or until his or her earlier death, resignation or removal.

10.    Equity Interests in the Merged Entities.

10.1    Cancellation. At the Effective Time, by virtue of the Merger and without any action on the part of any holder thereof, all of the equity interests of the Merged Entities outstanding immediately before the Effective Time will be cancelled and will cease to exist, without any conversion thereof.

10.2    No Further Rights. At the Effective Time, holders of certificates or rights formerly evidencing the equity interests in each of the Merged Entities will cease to have any rights as equity owners of the Merged Entities, or of the Surviving Corporation, except as may otherwise be provided by law. At the Effective Time, the transfer books of each Merged Entity will be closed and no transfer of equity interests will be made thereafter.

11.    Shares of the Company.

At the Effective Time, by virtue of the Merger and without any action on the part of the holder thereof, all issued and outstanding shares of Company common stock will remain outstanding and will be deemed to be fully paid and nonassessable shares of the common stock of the Surviving Corporation, without the issuance or exchange of new stock or stock certificates.

12. Abandonment of Plan.

The board of directors of the Company and the board of directors or member of each Merged Entity, as applicable, will, at any time before the Effective Time, for any reason, have the power and authority to abandon and refrain from making effective the Merger, in which case this Plan of Merger will be null and void.

13. Successors.

This Plan of Merger will bind each party to the Merger and their respective legal representatives, successors and assigns.

14.    Choice of Law.

The terms and conditions of this Plan of Merger will be construed and enforced in accordance with the substantive law of the State of Oregon, without regard to the conflict of laws provisions thereof.

15.    Counterparts and Signatures.

This Plan of Merger may be executed in any number of counterparts, each of which will be deemed to be an original and all of which together will be deemed to be one and the same instrument. Facsimile transmission of any signed original of this Plan of Merger, and retransmission of any facsimile transmission, will be the same as delivery of an original.

DATED this _____ day of December, 2009.

ARLIE & COMPANY

By _____
Suzanne K. Arlie, President

2911 TENNYSON AVENUE, LLC

By: Arlie & Company, its Member

By _____
Suzanne K. Arlie, President

ARLIE PROPERTY
MANAGEMENT, INC.

By _____
Suzanne K. Arlie, President

CRESCENT VILLAGE
COMMUNITY GARDENS, LLC

By: Arlie & Company, its Member

By _____
Suzanne K. Arlie, President

CRESCENT VILLAGE
HOMES, LLC

By _____
Suzanne K. Arlie, Member

HAWAII FOREST
PRODUCTS, LLC

By: Arlie & Company, its Member

By _____
Suzanne K. Arlie, President

033739/00003/1882730v1

4

12/30/2009 WED 15:53   FAX 541 485 2550 arliescan                                    ⌀016/016

**HAWAII FOREST PRODUCTS, LLC**

**CONSENT OF THE SOLE MEMBER
IN LIEU OF SPECIAL MEETING**

The undersigned, being the sole member ("Member") of Hawaii Forest Products, LLC, a limited liability company (the "Company"), consents to the following actions of the Company by written consent and in lieu of a special meeting of the Member, effective December 29, 2009:

WHEREAS, Arlie & Company, an Oregon corporation ("Arlie") is the sole member of the Company.

WHEREAS, the Member has determined that it is in the Company's best interest to merge with and into Arlie with Arlie being the surviving entity.

WHEREAS, the Member desires to approve the merger of the Company with and into Arlie; therefore, be it

RESOLVED, that the Member approves the Plan of Merger attached as Exhibit A (the "Plan") providing for the merger (the "Merger") of the Company with and into Arlie, together with any changes determined by any officer of the Company (an "Officer") after consulting with counsel, as being in the best interests of the Company, such determination being evidenced by the Officer's signature on the Plan on the Company's behalf.

RESOLVED FURTHER, that each Officer is authorized and directed, on behalf of the Company and in the name of the Company, to execute and deliver the Plan.

RESOLVED FURTHER, that each Officer is authorized and directed, on behalf of the Company, to: (a) execute and file Articles of Merger with the Hawaii Secretary of State with respect to the Merger; and (b) take all other actions the Officer deems necessary or desirable to consummate the Merger.

This Consent, when executed by the Member, will have the same effect as if the action set forth above had been taken at a duly noticed and lawfully held meeting of the Member.

MEMBER:

ARLIE & COMPANY

By: Suzanne K. Arlie
Its:  President

... ..., ... .... .. ... ... ... .. arliescan    ☑009/016

# ARLIE & COMPANY

## JOINT CONSENT OF THE SOLE DIRECTOR
## AND SOLE SHAREHOLDER
## IN LIEU OF SPECIAL MEETINGS

The undersigned, being the sole director and the sole shareholder of Arlie & Company, an Oregon corporation (the "Company"), consent to the following actions of the Company by written consent and in lieu of special meetings of the Company's Board of Directors (the "Board") and the sole shareholder of the Company (the "Shareholder"), effective December 29, 2009:

> WHEREAS, each of 2911 Tennyson Avenue, LLC, Arlie Property Management, Inc., Crescent Village Community Gardens, LLC, Crescent Village Homes, LLC, Crescent Village Restaurants, LLC and Hawaii Forest Products, LLC (collectively referred to as the "Affiliates") are affiliates of the Company;
>
> WHEREAS, the Board has determined that it is in the best interests of the Company and the Affiliates to cause the Affiliates to merge with and into the Company with the Company being the surviving entity;
>
> WHEREAS, the Board and the Shareholder wish to approve the merger of the Affiliates with and into the Company; therefore, be it

### Board Approval of the Merger

> RESOLVED, that the Board adopts the Plan of Merger attached as Exhibit A (the "Plan"), providing for the merger (the "Merger") of the Affiliates with and into the Company, together with any changes determined by any officer of the Company (an "Officer") after consulting with counsel, as being in the best interests of the Company and the Shareholder, such determination being evidenced by the Officer's signature on the Plan on the Company's behalf.
>
> RESOLVED FURTHER, that the Plan shall be submitted for approval to the Shareholder.
>
> RESOLVED FURTHER, that, subject to the Shareholder's approval of the Plan, each Officer is authorized and directed, on behalf of the Company and in the name of the Company, to execute and deliver the Plan.
>
> RESOLVED FURTHER, that, subject to the Shareholder's approval of the Plan, each Officer is authorized and directed, on behalf of the Company, to: (a) execute and file Articles of Merger with the

1

14/30/2009 WED 13:32  FAX 541 465 2330 arliescan                                    ☑010/016

Oregon Secretary of State with respect to the Merger; and (b) take all
other actions the Officer deems necessary or desirable to
consummate the Merger.

**Shareholder Approval of the Merger**

RESOLVED, that the Shareholder waives all notice requirements.

RESOLVED FURTHER, that the Shareholder approves the Plan
providing for the Merger of the Affiliates with and into the
Company, together with any changes determined by any Officer
after consulting with counsel, as being in the best interests of the
Company and the Shareholder, such determination being evidenced
by the Officer's signature on the Plan on the Company's behalf.

This Consent, when executed by the sole director and the Shareholder, will have the same
effect as if the action set forth above had been taken at duly noticed and lawfully held meetings
of the Board and Shareholder.

_____
Suzanne K. Arlie, sole director and
sole shareholder

033739/00003/1884178v1

www.BusinessRegistrations.com

Nonrefundable Filing Fee: $100.00
* Nonprofit: $50.00

FORM X-12
7/2008



01/05/2010020202

FILED  01/04/2010 03:40 PM
Business Registration Division
DEPT. OF COMMERCE AND
CONSUMER AFFAIRS
State of Hawaii

**STATE OF HAWAII**
**DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS**
**Business Registration Division**
335 Merchant Street
Mailing Address: P.O. Box 40, Honolulu, Hawaii 96810
Phone No. (808) 586-2727

**ARTICLES OF MERGER**
(Section 414-315, 414D-203, 425-204, 425E-1107, 428-905, Hawaii Revised Statutes)

*PLEASE TYPE OR PRINT LEGIBLY IN BLACK INK*

The undersigned, certify as follows:

1. The names and state of formation of the entities proposing to merge (including the survivor) are:

41450F1    (1) **Arlie & Company**
                              (Type/Print Name of Entity)

a (check one):    ☒ Profit Corp.  ☐ Professional Corp.  ☐ Nonprofit Corp.  ☐ General Partnership

☐ Limited Partnership  ☐ LLC  ☐ LLP (If LLP must also check General Partnership)  ☐ LLLP

formed under the laws of: **Oregon**                    :
                              (State)

21825C5    (2) **Hawaii Forest Products, LLC**
                              (Type/Print Name of Entity)

a (check one):    ☐ Profit Corp.  ☐ Professional Corp.  ☐ Nonprofit Corp.  ☐ General Partnership

☐ Limited Partnership  ☒ LLC  ☐ LLP (If LLP must also check General Partnership)  ☐ LLLP

formed under the laws of: **Hawaii**                    :
                              (State)

(3) _____
                              (Type/Print Name of Entity)

a (check one):    ☐ Profit Corp.  ☐ Professional Corp.  ☐ Nonprofit Corp.  ☐ General Partnership

☐ Limited Partnership  ☐ LLC  ☐ LLP (If LLP must also check General Partnership)  ☐ LLLP

formed under the laws of: _____ :
                              (State)

(4) _____
                              (Type/Print Name of Entity)

a (check one):    ☐ Profit Corp.  ☐ Professional Corp.  ☐ Nonprofit Corp.  ☐ General Partnership

☐ Limited Partnership  ☐ LLC  ☐ LLP (If LLP must also check General Partnership)  ☐ LLLP

formed under the laws of: _____ :
                              (State)

01/05/2010020202

FORM X-12
7/2008

01/05/2010202202

2. The name, state of formation and address of the surviving entity is:

**Arlie & Company**                                      **Oregon**
_____          _____
(Type/Print Name of Entity)                              (State)

**2911 Tennyson Ave., Suite 400, Eugene, OR  97408**
_____
(Type/Print Street Address)

3. The Plan of Merger has been approved in accordance with the applicable laws of each entity that is a party to this merger.

4. Check one:

   a. ☐   Changes to the organizing articles of the surviving entity to be effected by the merger are attached.

   b. ☒   The organizing articles of the surviving entity shall not be amended pursuant to this merger.

5. All entities party to this merger agree:

   a. That the surviving entity may be served with process in this State in any action or proceeding for the enforcement of any liability or obligation of any entity previously subject to suit in this State which is to merge, and irrevocably appoints the following as its agent to accept service of process in any such proceeding.

      **Stephen M. Gelber, Esq.**                          ~~Hawaii~~
      _____          _____
      (Name of Agent)                                    (State)

      **745 Fort St., Suite 1400, Honolulu, HI ~~86813~~ 96813**          MW
      (Street Address in Hawaii of Agent)

   b. For the enforcement of the right of any dissenting member, shareholder, or partner to receive payment for their interest against the surviving entity.

6. The merger is effective on the date and time of filing the Articles of Merger or at a later date and time, no more than 30 days after the filing, if so stated. Check one of the following statements:

   ☒ Merger is effective on the date and time of filing the Article of Merger.

   ☐ Merger is effective on _____ , at _____ . m. ,
   Hawaiian Standard Time, which date is not later than 30 days after the filing of the Articles of Merger.

FORM X-12
7/2008

01/05/2010202202

We certify under the penalties of Section 414-20, 414D-12, 425-13, 425-172, 425E-208, and 428-1302, Hawaii Revised Statutes, as applicable, that we have read the above statements, we are authorized to sign this Articles of Merger, and that the above statements are true and correct.

Signed this ___29___ day of __December_____, __2009__

Surviving entity: __Arlie & Company_____
(Type/Print Entity Name)

_____
(Signature)

Suzanne K. Arlie, President
(Type/Print Name & Title)

Merging entity(s): __Hawaii Forest Products, LLC_____
(Type/Print Entity Name)

_____
(Signature)

Member
Suzanne K. Arlie, ~~President of Arlie & Company.~~ MW
(Type/Print Name & Title)

Merging entity(s): _____
(Type/Print Entity Name)

_____
(Signature)

_____
(Type/Print Name & Title)

Merging entity(s): _____
(Type/Print Entity Name)

_____
(Signature)

_____
(Type/Print Name & Title)

01/05/2010202202

**SEE INSTRUCTIONS ON REVERSE SIDE**



Secretary of State
Corporation Division
255 Capitol Street NE, Suite 151
Salem, OR 97310-1327

Phone:(503)986-2200
Fax:(503)378-4381
www.filinginoregon.com

---

SUZANNE K ARLIE
2911 TENNYSON AVE STE 400
EUGENE OR 97408

## Acknowledgement Letter

The document you submitted was recorded as shown below. Please review and verify the information listed for accuracy.

If you have any questions regarding this acknowledgement, contact the Secretary of State, Corporation Division at (503)986-2200. Please refer to the registration number listed below. A copy of the filed documentation may be ordered for a fee of $5.00. Submit your request to the address listed above or call (503)986-2317 with your Visa or MasterCard number.

**Document**　　　　　　　　　　　　　　　**Filed On**
ARTICLES OF MERGER　　　　　　　　　　01/05/2010

| **Name of Survivor** | **Reg. No.** | **Type** | **Juris** |
|---|---|---|---|
| ARLIE & COMPANY | 247687-80 | DOM BUS CORP | OR |

| **Name(s) of Non Survivor(s)** | **Reg. No.** | **Type** | **Juris** |
|---|---|---|---|
| ARLIE PROPERTY MANAGEMENT, INC. | 571704-83 | DOM BUS CORP | OR |
| 2911 TENNYSON AVENUE, LLC | 465205-99 | DOM LTD LIAB CO | OR |
| CRESCENT VILLAGE COMMUNITY GARDENS, LLC | 469698-95 | DOM LTD LIAB CO | OR |
| CRESCENT VILLAGE HOMES, LLC | 543816-95 | DOM LTD LIAB CO | OR |
| HAWAII FOREST PRODUCTS, LLC | | | HI |

SUEKRE
ACK_M-S
01/05/2010

REC'D JAN 11 2010.

┆0003/016

CONFIRMATION
COPY

114/184 $55.00

Articles of Merger



Phone: (503) 986-2200
Fax: (503) 378-4381

Secretary of State
Corporation Division
255 Capitol St. NE, Suite 151
Salem, OR 97310-1327
FilingInOregon.com

Check the appropriate box below:

☑ MULTI ENTITY MERGER
(Complete only 1, 2, 3, 4, 10, 11)

☐ FOR PARENT AND 90% OWNED SUBSIDIARY
WITHOUT SHAREHOLDER APPROVAL
(Complete only 5, 6, 7, 8, 9, 10, 11)

# FILED

## JAN 05 2010

OREGON
SECRETARY OF STATE

**SURVIVOR**
**REGISTRY NUMBER:** **247687-80**

In accordance with Oregon Revised Statute 192.410-192.490, the information on this application is public record. We must release this information to all parties upon request and it will be posted on our website.

For office use only

Please Type or Print Legibly in Black Ink. Attach Additional Sheet if Necessary.

1) NAMES AND TYPES OF THE ENTITIES PROPOSING TO MERGE

| NAME | TYPE | REGISTRY NUMBER |
|---|---|---|
| Arlie & Company | DBC | 247687-80 |
| Arlie Property Management, Inc. | DBC | 571704-83 |
| 2911 Tennyson Avenue, LLC | DLLC | 465205-99 |
| Crescent Village Community Gardens, LLC | DLLC | 469698-95 |
| CONTINUED ON FOLLOWING PAGE | | |

2) NAME AND TYPE OF THE SURVIVING ENTITY  Arlie & Company/DBC

☐ Check here if there is a name change in this plan of merger.

3) A COPY OF THE MERGER PLAN IS ATTACHED. See ORS 60.481(2)

4) THE PLAN OF MERGER WAS DULY AUTHORIZED AND APPROVED BY EACH ENTITY THAT IS A PARTY TO THE MERGER.

☑ A copy of the vote required by each entity is attached.

---

FOR PARENT AND 90% OWNED SUBSIDIARY WITHOUT SHAREHOLDER APPROVAL

5) NAME OF PARENT CORPORATION _____

Oregon Registry Number _____

6) NAME OF SUBSIDIARY CORPORATION _____

Oregon Registry Number _____

7) NAME OF SURVIVING CORPORATION _____

8) COPY OF PLAN

☐ A copy of the plan of merger setting forth the manner and basis of converting shares of the subsidiary into shares, obligations, or other securities of the parent corporation or any other corporation or into cash or other property is attached.

9) CHECK THE APPROPRIATE BOX

☐ A copy of the plan of merger or summary was mailed to each shareholder of record of the subsidiary corporation on or before _____

Date

☐ The mailing of a copy of the plan or summary was waived by all outstanding shares.

10) EXECUTION

| Signature | Printed Name | Title |
|---|---|---|
|  | Suzanne K. Arlie | President |

11) CONTACT NAME (To resolve questions with this filing.)

Marsha K Westling

DAYTIME PHONE NUMBER (Include area code.)

(541) 344-5500

| **FEES** |
|---|
| Required Processing Fee  $50  -  Confirmation Copy (Optional)  $5 Processing Fees are nonrefundable. Please make check payable to "Corporation Division." NOTE: Fees may be paid with VISA or MasterCard. The card number and expiration date should be submitted on a separate sheet for your protection. |

137 (Rev. 1/04)