Natalie C. Scott, OSB #02451
nscott@mb-lawoffice.com
Wilson C. Muhlheim, OSB #681114
muhlheim@mb-lawoffice.com
MUHLHEIM BOYD
88 East Broadway
Eugene, OR  97401
Telephone: (541) 868-8005
Facsimile: (541) 868-8004

  Of Attorneys for Pioneer Asset Investment Limited

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Arlie & Company,<br><br>   Debtor. | Case No. 10-60244-aer11 |
| Arlie & Company,<br><br>   Plaintiff,<br><br>v.<br><br>Pioneer Asset Investment Limited, a Hong Kong corporation,<br><br>   Defendant. | Adv. Proc. No. 11-06018<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; THIRD-PARTY COMPLAINT** |
| Pioneer Asset Investment Limited, a Hong Kong corporation,<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>Michael Kearney and Suzanne Arlie, individually,<br><br>   Third-Party Defendants. | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; THIRD-PARTY COMPLAINT**- Page 1 of 11

Defendant Pioneer Asset Investment Limited of Hong Kong ("Defendant") files its answer, affirmative defenses, and counterclaims and files its Third-Party Complaint as follows:

## ANSWER

1.

Defendant admits paragraphs 1 through 7 regarding parties and jurisdiction.

2.

Defendant denies the allegation in paragraph 8 that Plaintiff's business emphasizes green building practices as Defendant lacks knowledge or information sufficient to form a belief about the truth of that allegation. Defendant admits the remaining allegations in paragraph 8.

3.

Defendant admits paragraph 9 of Plaintiff's complaint.

4.

Defendant denies the allegation that the Fourth Modification of the Promissory Note with Hawaii Forest Products LLC (HFP) "purportedly" provided Pioneer with collateral. Defendant admits the remaining allegations in paragraph 10.

5.

Defendant admits paragraphs 11.

6.

Defendant denies paragraphs 12 and 13.

7.

Defendant denies the allegation that "Pioneer recorded" the mortgage. Defendant admits the remaining allegations in paragraph 14.

8.

Defendant admits paragraphs 15 and 16.

9.

Defendant denies paragraph 17.

10.

Defendant admits paragraph 18.

11.

As to paragraphs 19, 23, and 26, each of which reallege and incorporate allegations in previously set forth paragraphs, Defendant admits and denies those paragraphs to the extent consistent with its admissions and denials of the previously set forth paragraphs.

12.

Defendant admits paragraph 20.

13.

Defendant denies paragraphs 21 and 22.

14.

Defendant admits paragraph 24.

15.

Defendant denies paragraph 25.

16.

Defendant denies paragraphs 27 and 28.

17.

Except as specifically admitted, Defendant denies each and every allegation in Plaintiff's complaint.

/ / / /

/ / / /

# ADDITIONAL FACTS NECESSARY TO DEFENDANT'S DEFENSES AND THIRD-PARTY COMPLAINT

18.

HFP was a single-member, member-managed LLC, whose sole member was Arlie & Co. Suzanne Arlie was, at all material times, the sole shareholder and sole director of Arlie & Co.

19.

Defendant loaned $1.5 million to HFP on September 12, 2008. As part of the agreement, HFP placed a warranty deed to five parcels of real property in Hawaii ("Hawaii Property") in escrow with instructions that it be recorded upon default or Defendant's exercise of its option to purchase. The original loan arrangement between Defendant and HFP included an option to purchase the Hawaii Property for $5 million. The maturity date was March 12, 2009.

20.

On March 12, 2009, Defendant and HFP executed a first modification of the promissory note, which extended the maturity date to September 12, 2009, changed the contract rate of interest from 15% to 20%, and changed the default rate of interest from 18% to 23.5%.

21.

On or about September 12, 2009, Defendant and HFP executed a second modification of the promissory note to extend the maturity date to October 12, 2009.

22.

On or about October 12, 2009, Defendant and HFP executed a third modification of the promissory note to extend the maturity date to November 12, 2009.

23.

On November 10, 2009, Defendant agreed to forgo instructing the escrow agent to record its warranty deed in return for HFP's promise to provide a properly recorded deed of trust

securing HFP's debt to it. At that time, the parties were aware that HFP's parent, Arlie & Co., intended to seek bankruptcy relief.

24.

Representatives and agents of HFP and Arlie & Co. represented to Defendant that its loan would be protected from the bankruptcy of Arlie & Co.

25.

Based on representations of HFP and Arlie & Co., Defendant did not record its warranty deed although the maturity date under the third modification had passed. Instead, Defendant agreed to surrender the deed held in escrow in return for a properly executed and recorded mortgage. On December 17, 2009, HFP executed the mortgage securing its debt to Defendant and the fourth modification to the promissory note ("fourth modification"), which provided for a maturity date of February 12, 2010.

26.

At the time that the mortgage and fourth modification were executed, Michael Kearney, attorney for both Arlie & Co. and HFP, undertook the duty to Defendant to promptly record the mortgage. Mr. Kearney was aware that Arlie & Co. intended to file bankruptcy. Mr. Kearney did not complete recording the mortgage until January 22, 2010, two days after Arlie & Co. filed their bankruptcy petition.

27.

Neither Plaintiff nor HFP, nor their agents, ever informed Defendant that HFP was to be merged with Arlie & Co. Defendant had no knowledge that Arlie & Co. intended to and, in fact, did merge HFP into Arlie & Co. until Arlie & Co. filed bankruptcy on January 20, 2010.

/ / / /

/ / / /

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; THIRD-PARTY COMPLAINT**- Page 5 of 11

28.

HFP was a solvent entity at the time Defendant loaned it $1.5 million, at the time it executed each of the four modifications to the promissory note, and at all times until it was merged with Arlie & Co.

29.

As sole shareholder and sole director of Arlie & Co., Suzanne Arlie executed various documents to effectuate the merger of HFP with Arlie & Co. Ms. Arlie executed those documents on December 29, 2009, just twelve days after HFP executed the mortgage and fourth modification with Defendant. Arlie & Co. was insolvent at the time HFP was merged into it.

30.

After the bankruptcy case was filed, on or about March 11, 2010, Defendant's attorney, Wilson C. Muhlheim, sent an e-mail to Rebecca Kamitsuka, attorney for the United States Trustee, and Douglas Schultz, attorney for the unsecured creditors' committee, suggesting that the HFP/Pioneer mortgage was probably not recorded before the bankruptcy petition was filed.

31.

On or about the same time, one of Plaintiff's representatives, John Musumeci, sent an e-mail to Defendant's representative indicating that Plaintiff, Debtor herein, would not, under the circumstances, assert filing defects.

32.

On March 16, 2010, Mr. Muhlheim sent an e-mail to Ms. Kamitsuka and Mr. Schultz confirming that the mortgage was recorded after Arlie & Co. filed its bankruptcy petition.

33.

On April 6, 2010, Defendant filed a proof of claim (Claim 160) asserting a secured claim that was perfected by the property Hawaii Property. No objection was filed to that proof of claim until Debtor filed this adversary proceeding on February 4, 2011.

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; THIRD-PARTY COMPLAINT**- **Page 6 of 11**

34.

Neither Debtor's initial Plan of Reorganization nor Debtor's First Amended Plan of Reorganization proposed to avoid Defendant's mortgage.

35.

Defendant's proof of claim is for the amount of $1,631,998.44, which includes principal and interest owing at the contract rate as of the petition date, plus its accruing attorney fees and costs, plus interest accruing at the default rate of 23.5% per annum.

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**(Estoppel)**

36.

Defendant realleges paragraphs 18 through 35.

37.

Based on the allegations set forth above, Plaintiff is estopped to claim that Defendant's recording of the lien was a willful violation of the automatic stay.  This Court should therefore dismiss Plaintiff's first cause of action for violation of the automatic stay.

38.

Based on the allegations set forth above, Plaintiff is estopped to contest the validity of Defendant's lien and Defendant's secured status.  This Court should therefore dismiss Plaintiff's objection to Defendant's proof of claim (Plaintiff's third cause of action) and its claim for declaratory relief (Plaintiff's second cause of action).

**(Waiver)**

39.

Defendant realleges paragraphs 18 through 35.

/ / / /

/ / / /

40.

Based on the allegations set forth above, Plaintiff has waived any claim for violation of the automatic stay or avoidance of Defendant's lien on the Hawaii Property. This Court should therefore dismiss Plaintiff's complaint.

**(Fraud)**

41.

Defendant realleges paragraphs 18 through 35.

42.

The conduct of Plaintiff and its representatives and agents constitutes fraud as more particularly described in paragraphs 23 through 25 and paragraphs 27 through 29 above. This Court should therefore dismiss Plaintiff's complaint.

**COUNTERCLAIMS AGAINST PLAINTIFF**

**Fraudulent Transfer**

43.

Defendant realleges paragraphs 18 through 35 above.

44.

The conduct of Plaintiff in merging HFP with Arlie and Co. – more specifically, as alleged in paragraphs 27 through 29 above – constituted a fraudulent transfer of property of HFP made with intent to hinder, delay, or defraud Defendant or, in the alternative, made for less than reasonably equivalent value.

45.

Because such transfer was fraudulent, the property should not be treated as property of Debtor's bankruptcy estate. The property – or the value of Defendant's claim as a fully secured claim – should be recoverable by Defendant.

/ / / /

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; THIRD-PARTY COMPLAINT**- Page 8 of 11

**Fraud**

46.

Defendant realleges paragraphs 18 through 35 above.

47.

Plaintiff's representations, through its duly authorized agents, induced Defendant to do the following: forgo recording its warranty deed though it had the right to do so, extend the maturity date on the note owing by HFP, and enter into the fourth modification. Plaintiff's representations, and, more specifically, Plaintiff's failures to disclose material information, were made intentionally and Defendant reasonably relied on such omissions to its detriment.

**THIRD-PARTY COMPLAINT**

**FIRST CLAIM FOR RELIEF**

**(Against Third-party Defendant Michael Kearney)**

**Negligent Misrepresentation and Breach of Duty**

48.

Defendant realleges paragraphs 18 through 35 above.

49.

Mr. Kearney's conduct – as more specifically described in paragraph 26 above – was negligent. Mr. Kearney undertook a duty to timely record the mortgage and represented to Defendant that he would do so. He was aware that Defendant would rely on him to do so. Defendant has been harmed by Mr. Kearney's failure to timely record the mortgage.

**SECOND CLAIM FOR RELIEF**

**(Against Third-party Defendant Suzanne Arlie)**

**Fraud**

50.

Defendant realleges paragraphs 18 through 35 above.

51.

Suzanne Arlie, acting in her own capacity or through her duly authorized agents, engaged in conduct – as more particularly described in paragraphs 23 through 25 and paragraphs 27 through 29 – that was intended to defraud Defendant. Defendant has been harmed by such conduct.

**Attorney Fees**

52.

Pursuant to the terms of its agreements with HFP, now obligations of Plaintiff pursuant to its merger with HFP, Defendant seeks recovery of its reasonable attorney fees incurred in these proceedings.

WHEREFORE, Defendant prays for relief as follows,

On Defendant's answer, affirmative defenses, and counterclaims:

(A) For an order dismissing Plaintiff's Complaint and overruling Plaintiff's objection to Defendant's proof of claim;

(B) For a declaration that the Hawaii Property is not property of the estate and is subject to Defendant's lien;

(C) For judgment against Plaintiff for its costs and disbursements;

(D) For judgment against Plaintiff for its reasonable attorney fees; and

(E) For such other and further relief as the Court deems appropriate.

On Defendant's Third-Party Complaint:

(F) For judgment against Third-Party Defendant Michael Kearney in such amounts as the evidence will establish at trial, including interest, costs, disbursements, and attorney fees;

/ / / /

/ / / /

(G) For judgment against Third-Party Defendant Suzanne Arlie in such amounts as the evidence will establish at trial, including interest, costs, disbursements, and attorney fees;

(H) For such other and further relief as the Court deems appropriate.

DATED this 7th day of March, 2011.

        MUHLHEIM BOYD

        By:   /s/ Natalie C. Scott
              Natalie C. Scott, OSB #02451
              Wilson C. Muhlheim, OSB #681114
                  Of Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2011, I served the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; THIRD-PARTY COMPLAINT, by depositing in the United States mail at Eugene, Oregon full and complete copies thereof, by first class mail, postage prepaid, addressed to the following:

    None.

I hereby certify that on the 7th day of March, 2011, I determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF:

| | |
|---|---|
| John D Fiero | jfiero@pszjlaw.com, ocarpio@pszjlaw.com; ksuk@pszjlaw.com; azaragoza@pszjlaw.com |
| Wilson C Muhlheim | ecf@mb-lawoffice.com |
| Brad T Summers | tsummers@balljanik.com, akimmel@balljanik.com |

                      MUHLHEIM BOYD

                      By:   /s/ Natalie C. Scott
                            Natalie C. Scott, OSB #024510
                            Of Attorneys for Defendant