J. Dominic Monahan, OSB No. 941163
dmonahan@luvaascobb.com
LUVAAS COBB
The Forum Building
777 High Street, Suite 300
Eugene, OR 97401
Telephone: (541) 484-9292, Facsimile: (541) 343-1206

John F. Barg, CASB No. 60230    **(Previously Admitted Pro Hac Vice)**
jfb@bcltlaw.com
Marco Quazzo, CASB No. 142182    **(To Be Admitted Pro Hac Vice)**
mq@bcltlaw.com
BARG COFFIN LEWIS & TRAPP, LLP
350 California Street, 22nd Floor
San Francisco, California 94104
Telephone: (415) 228-5400; Facsimile: (415) 228-5450

Attorneys for Third-Party Defendant
SUZANNE ARLIE

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ORGEON

| | |
|---|---|
| In re<br><br>Arlie & Company,<br><br>  Debtor. | Case No. 10-60244-aer11 |
| Arlie & Company,<br><br>  Plaintiff,<br><br>v.<br><br>Pioneer Asset Investment Limited, a Hong Kong corporation,<br><br>  Defendant. | Adv. Proc. No. 11-06018<br><br>**ANSWER OF THIRD PARTY DEFENDANT SUZANNE ARLIE TO THIRD-PARTY COMPLAINT** |
| Pioneer Asset Investment Limited, a Hong Kong corporation,<br><br>  Third-Party Plaintiff,<br><br>v.<br><br>Michael Kearney and Suzanne Arlie, individually,<br><br>  Third-Party Defendants. | |

Third-Party Defendant Suzanne Arlie hereby submits her Answer to the Third Party Complaint filed by Pioneer Asset Investment Limited ("Pioneer") in this action, which Pioneer included with its Answer, Affirmative Defenses and Counterclaims to the Plaintiff's Complaint.

1. In response to Paragraphs 1 through 17, which consist of Pioneer's Answer to Plaintiff's Complaint, Suzanne Arlie states that these paragraphs are not included in the Third Party Complaint and therefore no answer is required to the allegations contained therein. To the extent an answer may be deemed to be required, Suzanne Arlie denies the allegations.

2. In response to Paragraph 18, Suzanne Arlie admits the allegations contained therein.

3. In response to Paragraph 19, Suzanne Arlie admits that Pioneer loaned HFP $1.5 million on or about September 12, 2008, and further admits that the original loan maturity date was March 12, 2009. Except as so admitted, Suzanne Arlie lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph, and on that basis denies each and every remaining allegation contained therein.

4. In response to Paragraphs 20, 21 and 22, Suzanne Arlie admits the allegations contained therein.

5. In response to Paragraph 23, Suzanne Arlie lacks sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

6. In response to Paragraph 24, Suzanne Arlie denies each and every allegation contained therein.

7. In response to Paragraph 25, Suzanne Arlie admits the allegations in the final sentence. Except as so admitted, Suzanne Arlie denies each and every allegation contained in Paragraph 25.

8. In response to Paragraph 26, Suzanne Arlie lacks sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

9. In response to Paragraph 27, Suzanne Arlie states that she personally did not inform Pioneer that HFP was to be merged with Arlie & Co., and she did not have occasion to do so because she had no communications with Pioneer, on any subject, during the relevant time frame. Suzanne Arlie denies each and every remaining allegation contained in Paragraph 27 on grounds that she lacks sufficient information or knowledge to admit or deny these remaining allegations.

10. In response to Paragraph 28, Suzanne Arlie admits the allegations contained therein.

11. In response to Paragraph 29, Suzanne Arlie admits she executed various documents on or about December 29, 2009, to effectuate the merger of HFP and Arlie & Co. Except as so admitted, Suzanne Arlie denies each and every allegation contained in Paragraph 29.

12. In response to Paragraphs 30 through 32, Suzanne Arlie lacks sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

13. In response to Paragraph 33, Suzanne Arlie admits that Pioneer filed a Proof of Claim on or about April 6, 2010. Except as so admitted, Suzanne Arlie lacks sufficient information or knowledge to admit or deny these remaining allegations, and on that basis denies each and every remaining allegation contained in Paragraph 33.

14. In response to Paragraph 34, Suzanne Arlie lacks sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis denies each and every allegation contained therein.

15. In response to Paragraph 35, Suzanne Arlie states that Pioneer's characterization of the Proof of Claim filed by Pioneer requires no answer. Furthermore, the Proof of Claim speaks for itself regarding the amounts claimed therein. Suzanne Arlie denies each and every remaining allegation contained in Paragraph 35.

16. In response to Paragraphs 36 through 42, which consist of Pioneer's Affirmative Defenses to Plaintiff's Complaint, Suzanne Arlie states that these paragraphs are not included in the Third Party Complaint and she therefore makes no response to the allegations contained

therein.

17.  In response to Paragraphs 43 through 47, which consist of Pioneer's Counterclaims against Plaintiff, Suzanne Arlie states that these paragraphs are not included in the Third Party Complaint and therefore no answer is required. To the extent an answer may be deemed required, Suzanne Arlie denies the allegations in these paragraphs.

18.  In response to Paragraphs 48 and 49, Suzanne Arlie states that these paragraphs are not directed to her, she lacks sufficient information or knowledge to admit or deny the allegations contained therein, and on that basis she denies all of the allegations contained therein.

19.  In response to Paragraph 50, Suzanne Arlie re-alleges and incorporates her responses to Paragraphs 18 through 35 above, as though full set forth herein.

20.  In response to Paragraph 51, Suzanne Arlie denies each and every allegation contained therein.

21.  In response to Paragraph 52, Suzanne Arlie denies that Pioneer is entitled to recover any of its attorneys' fees from Suzanne Arlie under the terms of Pioneer's agreements with HFP. However, Suzanne Arlie reserves any and all rights she may have to recover her reasonable attorneys' fees from Pioneer and its counsel, including without limitation her right to recover attorneys' fees under Rule 9011 of the Federal Bankruptcy Rules of Civil Procedure. Except as so admitted, Suzanne Arlie denies each and every allegation contained in Paragraph 52.

22.  Except as expressly admitted above, Suzanne Arlie denies each and every allegation contained in Pioneer's Third Party Complaint.

## DEFENSES

Third-Party Defendant Suzanne Arlie asserts the following defenses and reserves the right to assert additional defenses after further discovery or investigation. In asserting these defenses, Third-Party Defendant Suzanne Arlie does not assume the burden to establish any fact or proposition where that burden properly belongs to plaintiffs.

### *FIRST DEFENSE*

The Third Party Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted against Suzanne Arlie.

## SECOND DEFENSE

Pioneer's claims against Suzanne Arlie are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD DEFENSE

The Third Party Complaint is barred, in whole or in part, because Suzanne Arlie acted at all times in good faith, without knowledge of any alleged wrongdoing and without a basis for such knowledge.

## FOURTH DEFENSE

The Third Party Complaint is barred, in whole or in part, because Suzanne Arlie's acts and omissions were justified and/or privileged.

## FIFTH DEFENSE

The Third Party Complaint is barred, in whole or in part, because Suzanne Arlie's acts or omissions were protected by the business judgment rule.

## SIXTH DEFENSE

The Third Party Complaint is barred, in whole or in part, because the damages allegedly sustained by Pioneer, if any, were not caused by Suzanne Arlie but were the result of the intervening and superseding acts, omission and breaches of duty by third parties, including parties named or not named in the action, over whom Suzanne Arlie had no control.

## SEVENTH DEFENSE

The Third Party Complaint is barred, in whole or in part, by Pioneer's failure to take reasonable and necessary measures to mitigate its damages, if any, and to protect its interests.

## EIGHTH DEFENSE

The Third Party Complaint is barred, in whole or in part, by Pioneer's permission and/or consent, express or implied, with regard to the acts and omissions alleged in the Third Party Complaint.

## NINTH DEFENSE

The Third Party Complaint is barred, in whole or in part, by Pioneer's ratification of the acts and omissions alleged in the Complaint.

*EIGHTEENTH DEFENSE*

Suzanne Arlie has not knowingly or intentionally waived any applicable defenses, and hereby reserves her rights to assert and rely on other applicable defenses as may become available or apparent during discovery in this action. Suzanne Arlie reserves the right to amend (or seek to amend) this Answer and the affirmative defenses set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Third Party Defendant Suzanne Arlie prays for judgment as follows:

1. That Pioneer take nothing by its Third Party Complaint;

2. That the Court enter judgment in favor of Suzanne Arlie;

3. That the Court award Suzanne Arlie her costs and attorneys fees incurred in defense of this action; and

4. That the Court award Suzanne Arlie such other and further relief as it deems proper, including without limitation relief under Rule 9011 of the Federal Bankruptcy Rules of Civil Procedure.

DATED this 30th day of March, 2011.

BARG COFFIN LEWIS & TRAPP, LLP

By:/s/ *Marco Quazzo*
Marco Quazzo
Attorneys for Third-Party Defendant
SUZANNE ARLIE

CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2011, I served the foregoing ANSWER OF THIRD PARTY DEFENDANT SUZANNE ARLIE TO THIRD-PARTY COMPLAINT by depositing in the United States mail at San Francisco, California full and complete copies thereof, by first class mail, postage prepaid, addressed to the following:

None.

I hereby certify that on the 30th day of March, 2011, I determined from the United States Bankruptcy Court electronic case filing system that the following parties will be served electronically via ECF:

| | |
|---|---|
| John D. Fiero | jfiero@pszjlaw.com; ksuk@pszjlaw.com; azaragoz@pszjlaw.com |
| Wilson C. Muhlheim | ecf@mb-lawoffice.com |
| Brad T. Summers | tsummers@balljanik.com; akimmel@balljanik.com |
| Douglas R. Schultz | Schultz@gleaveslaw.com |

BARG COFFIN LEWIS & TRAPP, LLP

By: /s/ Marco Quazzo
Marco Quazzo
Attorneys for SUZANNE ARLIE